**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**Greenbelt Division**

| | |
|---|---|
| In re:<br><br>THE CONDOMINIUM ASSOCIATION OF THE LYNNHILL CONDOMINIUM,<br><br>Debtor.[1] | Case No. 18-10334<br><br>Chapter 11 |

**DEBTOR'S EXPEDITED MOTION FOR (I) CONDITIONAL**
**APPROVAL OF THE DISCLOSURE STATEMENT, (II) APPROVAL**
**OF PROCEDURES FOR SOLICITATION AND TABULATION OF**
**VOTES ON THE PLAN, AND (III) A COMBINED HEARING ON APPROVAL**
**OF THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE PLAN**

The Condominium Association of the Lynnhill Condominium (the "Debtor"), as debtor and debtor-in-possession and pursuant to sections 105, 1123(a), 1124, 1125, 1126 and 1128 of the U.S. Bankruptcy Code,[2] Rules 2002, 3016, 3017 and 3018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),[3] respectfully requests entry of an order: (i) conditionally approving the adequacy of the Debtor's proposed disclosure statement (as it may be amended or modified, the "Disclosure Statement") concerning the Debtor's proposed chapter 11 plan (as it may be amended or modified, the "Plan"), (ii) establishing procedures for the solicitation and tabulation of votes to accept or reject the Plan, including approval of (a) the deadline for submission of ballots for the Plan, (b) the proposed solicitation package to be distributed to creditors in connection with the solicitation of votes on the Plan (the "Solicitation Package"), and (c) certain related relief (collectively, the "Solicitation Procedures"); and

---

[1] The Debtor's federal identification number is 52-0993760.

[2] 11 U.S.C. §§ 101–1532 (2012) (the "Bankruptcy Code").

[3] Unless otherwise indicated, section references are to the Bankruptcy Code, rule references are to the Bankruptcy Rules, and local rule references are to the Local Bankruptcy Rules of the U.S. Bankruptcy Court for the District of Maryland.

(iii) approving the form and manner of notice of the hearing on approval of the Disclosure Statement and confirmation of the Plan (the "Combined Hearing") and certain related relief.

The Debtor seeks approval of various substantive and procedural matters central to the plan confirmation process and the Debtor's liquidation efforts.[4]  As a threshold matter, the Debtor seeks conditional approval of the Disclosure Statement as providing "adequate information" within the meaning of section 1125(a) of the Bankruptcy Code.  For the reasons described below, cause exists for conditional approval of the Disclosure Statement.

The Debtor submits that the proposed solicitation and confirmation procedures are necessary and reasonable under the circumstances and comply with the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules and, therefore, should be approved. Given the facts and circumstances of this chapter 11 case, the Debtor proposes and requests approval of the following deadlines and dates:

| Event | Date |
|---|---|
| Deadline for Serving Notice of the Combined Hearing and Objection Deadlines | January 12, 2018 |
| Deadline for Serving Initial Solicitation Packages | January 16, 2018 |
| Voting Record Date | January 31, 2018 at noon (ET) |
| Supplemental Solicitation Deadline | January 31, 2018 |
| Voting Deadline | February 9, 2018 at 5:00 p.m. (ET) |
| Deadline to Object to Disclosure Statement and Plan | February 9, 2018 at 5:00 p.m. (ET) |
| Deadline to Reply to Disclosure Statement/Plan Objections | February 12, 2018 at 5:00 p.m. (ET) |

---

[4]  Pursuant to Local Rule 9013-2, in lieu of submitting a memorandum in support of this Motion, the Debtor will rely solely on the grounds and authorities set forth in this Motion.

4817-0956-9625

| Event | Date |
|---|---|
| Deadline to File Tally of Ballots | February 12, 2018 at 5:00 p.m. (ET) |
| Combined Hearing | February 13, 2018 |

### Jurisdiction

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. § 1408.

### Background

2.      On January 10, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3.      The Debtor continues to manage and preserve its property as debtor-in-possession pursuant to sections 1107(a) and 1108.  No trustee, examiner or committee has been appointed in this case.

4.      The Debtor is an unincorporated condominium association for certain real estate, amenities and improvements (including residential units) located at 3103 and 3107 Good Hope Avenue, Temple Hills, Maryland 20748 (the "Property").  General information about the Debtor, its assets and liabilities, and the events leading to this bankruptcy case are detailed in the *Declaration of Stanley Briscoe in Support of First Day Motions* ("Briscoe Declaration").

### The Plan and Disclosure Statement

5.      Along with the filing of this motion, the Debtor has filed its Plan and Disclosure Statement.  The Plan and Disclosure Statement provide for the sale of the Property to AHH16 Development, LLC ("AHH") in accordance with the *Amended Commitment Letter of AHH16 Development, LLC or its Designee to Be Purchaser of the Property and Post-Petition Secured*

4817-0956-9625

*Lender in Connection with Lynnhill Condominium Bankruptcy Case* dated December 18, 2017 (the "Commitment"). The Commitment requires, among other things, the Debtor to achieve a series of milestones, including approval of the Plan no later than February 13, 2018.

6.     The Plan details the treatment of creditors across four different classes. The following table designates the classes of claims against the Debtor and specifies which classes are (a) impaired or unimpaired by the Plan and (b) entitled to vote to accept or reject the Plan in accordance with section 1126 of the Bankruptcy Code.

| Class | Class Description | Impairment | Entitled to Vote |
|-------|-------------------|------------|------------------|
| 1 | Priority Non-Tax Claims | Unimpaired | No |
| 2 | Secured Claims | Impaired | Yes |
| 3 | General Unsecured Claims | Impaired | Yes |
| 4 | Former Resident Claims | Impaired | Yes |

7.     Under the Plan, Classes 2, 3, and 4 are entitled to vote to accept or reject the Plan. Class 1 is unimpaired and thus deemed to accept the Plan without voting.

**Request for Conditional Approval of the Disclosure Statement**

8.     Section 1125 of the Bankruptcy Code requires a bankruptcy court to approve a written disclosure statement prior to allowing a debtor to solicit acceptances for a chapter 11 plan. *See* 11 U.S.C. § 1125(b). To approve a disclosure statement, a court must find that the disclosure statement contains "adequate information," which is defined as "information of a kind, and in sufficient detail . . . that would enable a hypothetical reasonable investor typical of holders of claims or interests . . . to make an informed judgment about the plan." 11 U.S.C. § 1125(a)(1).

4817-0956-9625

9.     The Disclosure Statement provides a comprehensive disclosure of a wide array of information relevant to holders of claims, including:

- the contents of the Plan;

- the factual background regarding the Debtor's property and the Debtor's financial condition before the Petition Date;

- the negotiations that culminated in the Commitment and the Plan;

- the transactions that will be effected under the Plan on the Effective Date;

- distribution of proceeds from the sale of the Property;

- risk factors pertaining to the Debtor's Plan; and

- certain tax considerations with respect to property distributed under the Plan.

10.     Accordingly, the Disclosure Statement contains "adequate information" as defined in section 1125 of the Bankruptcy Code and should be conditionally approved.

## The Solicitation Procedures

### A.     Combined Hearing Notice and Initial Solicitation

11.     To ensure parties receive the most notice practicable given the accelerated timeline of this chapter 11 case, the Debtor intends to serve the Combined Hearing Notice on all parties on the Debtor's creditor matrix (the "Creditor Matrix"), which includes, but is not limited to, holders of claims listed in the Debtor's schedules, former residents, parties believed to be holders of tax lien certificates or mortgages on the units, parties listed in the Debtor's 2014 bankruptcy schedules,[5] the Office of the United States Trustee for Region 4 (the "U.S. Trustee"), and the necessary local, state, and federal government agencies, on January 12, 2018 or as soon as reasonably practicable thereafter.[6]    In addition, the Debtor intends to serve the Solicitation

---

[5]   To the extent the Debtor has been able to locate an address for each of the foregoing.

[6]   In the event an order granting the relief requested in this motion is not entered on January 12, 2018, service of the Combined Hearing Notice may be adjusted by one or two business days.

4817-0956-9625

Package on holders of claims in classes entitled to vote under the Plan (the "Voting Classes") as determined by the Debtor upon review of its schedules on January 12, 2018, or as soon as reasonably practicable thereafter, but not later than January 16, 2018 (the "Initial Solicitation").[7] A list of the proposed contents of the Solicitation Package, as well as the Debtor's proposed procedures for serving the Solicitation Package, are set forth on **Exhibit A**.

**B.     Voting Record Date**

12.     The Debtor requests that the Court set January 31, 2018 at noon Eastern Time as the record date for purposes of voting on the Debtor's Plan (the "Voting Record Date"). Establishment of the Voting Record Date will, among other things, permit solicitation of the Plan for parties not previously served with the Solicitation Package or the Combined Hearing Notice, as applicable.  For instance, the Voting Record Date will clarify which Claim holders will be entitled to vote to accept or reject the Plan (as described below) and will eliminate any question with respect to any claims filed or transferred before the Voting Record Date.  Any holder of a Claim that (a) is not listed in the Debtor's schedules and (b) is not the subject of a proof of Claim filed by the Voting Record Date will not be treated as a creditor with respect to such Claim for purposes of voting on or objecting to the Plan.  Parties that receive the Solicitation Package in the Initial Solicitation and subsequently file a claim in a different class or priority will receive an additional Solicitation Package in the Supplemental Solicitation (defined below).[8]

**C.     Supplemental Solicitation**

13.     For holders of claims in the Voting Classes as of the Voting Record Date who (1) did not receive a Solicitation Package in the Initial Solicitation or (2) filed a proof of claim in

---

[7] Unless the order approving the relief requested in this motion is entered after January 12, 2018, then completion of service of the Initial Solicitation may be adjusted by one or two business days.

[8]  As detailed below, the most recent Ballot submitted before the Voting Deadline will count for purposes of calculating acceptance or rejection of the Plan.

a different class, amount, or priority than listed in the Debtor's schedules, the Debtor proposes to serve the Solicitation Package on those parties on a rolling basis as proofs of claim are filed and to complete such service no later than January 31, 2018.

**D.    Ballots**

14.    Bankruptcy Rules 3018(c) and 3017(d) require the Debtor to mail a form of ballot that substantially conforms to Official Form No. 314 only to "creditors and equity security holders entitled to vote on the plan." Fed. R. Bankr. P. 3017(d).    The Debtor proposes to distribute to creditors entitled to vote on the Plan one or more ballots substantially in the forms attached as **Exhibit B** (collectively, the "Ballots").    The Ballots are based on Official Form No. 314, but have been modified to address the particular circumstances and voting classes of this case.    The Debtor respectfully submits that the Ballots comply with the Bankruptcy Rules and should be approved.

**E.    Non-Voting Class**

15.    As noted, Class 1 is unimpaired under the Plan and, therefore, is conclusively presumed to accept the Plan in accordance with section 1126(f) of the Bankruptcy Code. Because Class 1 is unimpaired and deemed to accept the Plan, solicitation of Class 1 under the Plan is not required.    Accordingly, no Ballots have been proposed for creditors and interest holders in Class 1.    However, as explained above, the Debtor will serve the Combined Hearing Notice on the Creditor Matrix, which includes all holders of claims listed in the Debtor's schedules on January 12, 2018 or as soon as reasonably practicable thereafter.    In addition, the Debtor will serve the Combined Hearing Notice on parties filing proofs of claim in Class 1 prior to the Voting Record Date concurrently with the Supplemental Solicitation.

16.    Bankruptcy Rule 3017(d) provides that a plan, disclosure statement and various other documents and notices related to the plan and disclosure statement, including a notice that

a class is unimpaired and not entitled to vote, be served on "all creditors and equity security holders." Fed. R. Bankr. P. 3017(d). Requiring the Debtor to serve complete Solicitation Package on Class 1 in accordance with Bankruptcy Rule 3017(d) would impose an unnecessary economic burden on the Debtor's estate, particularly in view of its limited resources. As described further below, the Combined Hearing Notice will inform creditors in Class 1 (i) that their class is not entitled to vote to accept or reject the Plan, (ii) of the Objection Deadline (as defined below) and the Combined Hearing date, and (iii) how to obtain copies of the Plan and the Disclosure Statement. The Plan and the Disclosure Statement will be readily available on the Debtor's restructuring website, http://www.kccllc.net/Lynnhill, where they can be reviewed and downloaded without charge. Moreover, the Debtor will provide a copy of the Solicitation Package, at the Debtor's expense, to any party upon written request to LynnhillInfo@kccllc.com or Lynnhill Ballot Processing Center, c/o KCC, 2335 Alaska Ave., El Segundo, CA 90245 or by calling: 877-725-7530 (Toll Free) or 424-236-7240 (international). For the foregoing reasons, the Debtor requests that the Court determine that it is not required to distribute the Solicitation Package, including the Plan and Disclosure Statement, to Class 1.

F.    **Voting Deadline for Receipt of Ballots**

17.    Bankruptcy Rule 3017(c) provides that, "[o]n or before approval of [a] disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject [a] plan . . . ." Fed. R. Bankr. P. 3017(c). As noted above, the Debtor will commence the Initial Solicitation by mailing the Solicitation Package, including the Ballots and other approved solicitation materials beginning on January 12, 2018 and completing such service no later than January 16, 2018. Based on this timing, the Debtor proposes that, to be counted as votes to accept or reject the Plan, all Ballots must be properly executed, completed and delivered to KCC, the Debtor's solicitation agent (the "Solicitation Agent") by (a) electronic submission

via the Debtor's website for this chapter 11 case at http://www.kccllc.net/Lynnhill; (b) regular mail (facilitated by a return envelope that the Debtor will provide with each Ballot); or (c) overnight courier so that, in each case, all Ballots are received by the Solicitation Agent no later than 5:00 p.m. Eastern Time on February 9, 2018 (the "Voting Deadline").  In addition, the Debtor proposes that no Ballots may be submitted by facsimile or electronic mail, and any such Ballots submitted by facsimile or electronic mail will be neither accepted nor counted.  For the avoidance of doubt, if a holder of a Ballot submits multiple Ballots on account of a single claim prior to the Voting Deadline, then the most recent Ballot will be counted for calculating votes for the acceptance of the Plan, and any prior Ballots submitted on account of the same claim will be disregarded.

18.     The Debtor submits that the proposed solicitation period provides sufficient time for creditors to reach informed decisions to accept or reject the Plan and to timely submit their Ballots.  Additionally, approval of the Voting Deadline pursuant to this motion satisfies the requirements of Bankruptcy Rule 3017(c), which expressly provides for establishing a voting deadline "on or before approval of the disclosure statement."  Fed R. Bankr. P. 3017(c).

**G.     Procedures for Vote Tabulation**

19.     Section 1126(c) of the Bankruptcy Code provides:

> A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under subsection (e) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan.

11 U.S.C. § 1126(c).  Further, Bankruptcy Rule 3018(a) provides that "the court after notice and a hearing may temporarily allow the claim . . . in an amount which the court deems proper for the purpose of accepting or rejecting a plan."  Fed. R. Bankr. P. 3018(a).

4817-0956-9625

20.     Solely for purposes of voting to accept or reject the Plan—and not for the purpose of the allowance of, or distribution on account of, any claim or interest and without prejudice to the rights of the Debtor in any other context—the Debtor proposes that each Claim within a class of Claims entitled to vote to accept or reject the Plan be temporarily allowed in accordance with the proposed tabulation rules (collectively, the "Tabulation Rules") set forth on **Exhibit C**.

21.     The Debtor believes that the Tabulation Rules will establish a fair and equitable voting process.  Nevertheless, if any claimant seeks to challenge the allowance of its claim for voting purposes in accordance with the Tabulation Rules, the Debtor proposes that such claimant be required to file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing such claim in a different amount for purposes of voting to accept or reject the Plan (a "Rule 3018 Motion") and serve such motion on the Debtor so that it is received on or before the Voting Deadline, with any response by the Debtor due on February 12, 2018.  Such motion will, to the extent necessary, be heard at the Combined Hearing.  In accordance with Bankruptcy Rule 3018, the Debtor further proposes that any Ballot submitted by a creditor who files a Rule 3018 Motion will be counted solely in accordance with the Debtor's proposed Tabulation Rules and the other applicable procedures contained herein unless and until the underlying claim is temporarily allowed by the Court for voting purposes in a different amount, after notice and a hearing.  The Debtor also reserves the right to seek estimation of a Claim for voting purposes after notice and a hearing.

22.     To permit holders of claims in Classes 2, 3, and 4 the most amount of time to cast their respective Ballots given the compressed timeline in this chapter 11 case, the Debtor requests relief from Local Rule 3018-1's requirement that the tally of Ballots (the "Tally of Ballots") be filed no later than seven (7) days prior to the confirmation hearing.  The Debtor

proposes that the Solicitation Agent file the Tally of Ballots no later than 5:00 p.m. Eastern Time

on February 12, 2018.  The Tally of Ballots will substantially conform to the form prescribed by

the Court as required by Local Rule 3018-1.  The Debtor believes that the proposed Solicitation

Procedures and Tabulation Rules will establish a fair and equitable voting process.

### Request for the Combined Hearing and Hearing-Related Deadlines

**A.     The Combined Hearing**

23.     Section 1128 of the Bankruptcy Code provides that "[a]fter notice, the court shall

hold a hearing on confirmation of a plan" and that "[a] party in interest may object to

confirmation of a plan." 11 U.S.C. § 1128; see also Fed. R. Bankr. P. 3017(c).

24.     Section 105 of the Bankruptcy Code expressly authorizes a court to "issue an

order . . . that . . . provides that the hearing on approval of the disclosure statement may be

combined with the hearing on confirmation of the plan" where the court deems a combined

hearing to be "appropriate to ensure that the case is handled expeditiously and economically."

*See* 11 U.S.C. § 105(d)(2)(B)(vi); *see also In re Luminent Mortg. Capital Inc.*, Case No. 08-

21389 [Doc. 538] (Bankr. D. Md. May 15, 2009); *In re Gulf Coast Oil Corp.*, 404 B.R. 407, 425

(Bankr. S.D. Tex. 2009) ("Section 1125(f) authorizes combined plans and disclosure statements

in small business cases and § 105(d) authorizes the court to combine them in other cases.").

Consistent with this authority, the Debtor respectfully requests that the Court agree to

consolidate its approval of the Disclosure Statement and confirmation of the Plan at the single

Combined Hearing and enter an order scheduling the Combined Hearing for February 13, 2018.

25.     The Commitment requires the Debtor to complete certain milestones in the course

of this case.  If the Debtor misses a milestone, then AHH could terminate the Commitment,

which would undermine the Debtor's sale process and the Debtor's ability to continue in

chapter 11.  Pursuant to the Commitment, the Debtor must obtain an order approving the Plan on

4817-0956-9625

or before February 13, 2018.  A combined hearing will provide the Debtor with time to comply with the Commitment's milestones while providing sufficient notice to creditors.  Further, a combined hearing will streamline and expedite the confirmation process, which will inure directly to the benefit of the Debtor's creditors by accelerating the implementation of, and distributions under, the Plan.  Finally, the Combined Hearing will spare the Debtor from additional administrative expenses associated with a two-stage process.  Preservation of the Debtor's resources will benefit the estate by maximizing recoveries to creditors.

**B.** **Combined Hearing Notice**

26.    The Debtor's proposed form of the Combined Hearing Notice is attached as **Exhibit D**.  Among other things, the Combined Hearing Notice sets forth (a) the time and place of the Combined Hearing, (b) the procedures associated with Objections (as defined below), including the Objection Deadline (as defined below), (c) which Classes under the Plan are entitled to vote, (d) the procedures for casting Ballots (defined below) for voting creditors, and (e) options for obtaining and reviewing electronic or paper copies of the Plan and the Disclosure Statement, for interested parties who have not received the full Solicitation Package.

27.    The Debtor proposes to serve the Combined Hearing Notice on (a) all creditors entitled to vote on the Plan, with the Solicitation Package and (b) all creditors and equity holders not entitled to vote on the Plan, with such service to commence not later than January 12, 2018. In addition, the Debtor proposes to post the Combined Hearing Notice on the Debtor's restructuring website, http://www.kccllc.net/Lynnhill.

28.    The Debtor submits that the proposed service of the Combined Hearing Notice as proposed in this motion substantially complies with the time periods provided by Bankruptcy Rule 2002.  The Debtor proposes to commence service of the Combined Hearing Notice and

4817-0956-9625

Solicitation Package 32 days prior to the proposed date of the Combined Hearing and 28 days prior to the Objection Deadline (as defined below).

29.    In addition, the Debtor proposes to publish, pursuant to Bankruptcy Rule 2002(l), the Combined Hearing Notice, in substantially the form attached hereto as **Exhibit E**, in the *Washington Post* not later than five business days following entry of the order approving this motion (the "Publication Notice").  The Debtor also seeks authority—but not direction—to publish the Publication Notice in local or community newspapers to the extent the Debtor determines that applicable publishing deadlines and costs are reasonable.  To preserve estate resources and avoid the expense of publishing separate notices for the deadlines to file proofs of claim and the Combined Hearing, the Debtor proposes that the Publication Notice contain the following, non-exclusive, information:

    a.   Date of the Combined Hearing;

    b.   Voting Record Date;

    c.   Voting Deadline;

    d.   Objection Deadline;

    e.   Deadlines to file proofs of claim against the Debtor;

    f.   Information for parties to obtain copies of the Combined Hearing Notice, Disclosure Statement, Plan, proofs of claim, and other court documents, as well as, procedures for the submission of Ballots and filing proofs of claim.

30.    In the Debtor's judgment, the Publication Notice is likely to reach the widest audience of parties who may not otherwise have notice of this chapter 11 case.  The Debtor respectfully submits that the proposed form of the Publication Notice comports with the requirements of the Bankruptcy Rules and Local Rules.

4817-0956-9625

C.    **Objection and Reply Deadlines**

31.    The Debtor proposes that objections, if any, to approval of the Disclosure Statement or confirmation of the Plan (collectively, the "Objections") must: (a) be in writing; (b) state the name and address of the objecting party and the nature of the claim of such party; (c) state with particularity the basis and nature of such Objection (and, if practicable, a proposed modification to the Disclosure Statement or Plan that would resolve such Objection); (d) conform to the Bankruptcy Rules, the Local Rules, and any orders of the Court; and (e) in accordance with Bankruptcy Rule 3020(b)(1),12 be filed with the Court and served on the Debtor, any official committee appointed in these cases and the U.S. Trustee, so that they are received on or before 5:00 p.m. Eastern Time on February 9, 2018 (the "Objection Deadline").

32.    If there are multiple Objections filed with respect to the Plan or the Disclosure Statement, the Debtor submits that the issues raised in any such Objections, and the Debtor's responses or any proposed resolutions to those issues, can be more efficiently and effectively considered by the Court and parties in interest if the Debtor is permitted to file a single, consolidated reply to the Objections.  To enhance the efficiency of the reply, and for the Court's convenience, the Debtor may include a chart summarizing the Objections, the Debtor's responses and any proposed resolutions thereof.  The Debtor respectfully requests that it be permitted to file its reply, if any, and brief in support of the Plan and adequacy of the Disclosure Statement by not later February 12, 2018, assuming that the Court schedules the Combined Hearing for February 13, 2018.

**Notice**

33.    The Debtor has provided notice of this Motion to: (i) the U.S. Trustee; (ii) counsel to AHH; (iii) all parties listed on the Debtor's Schedule D (creditors who hold claims secured by property); (iv) the parties on the Debtor's list of creditors holding the 20 largest unsecured

claims;  and (v) parties requesting notice in this chapter 11 case.  Due to the nature of the relief

requested, the Debtor respectfully submits that no further notice is necessary.

<u>**Conclusion**</u>

WHEREFORE, the Debtor respectfully requests that the Court (i) grant the Motion,

(ii) enter an order, substantially in the form attached as <u>**Exhibit F**</u>, (a) conditionally approving

the Disclosure Statement; (b) scheduling the Combined Hearing; and (c) approving the

Solicitation Procedures, including the form of Ballots, the Voting Deadline, and the form,

content and manner of service of the Solicitation Package and the Combined Hearing Notice;

(iii) grant such other and further relief as the Court deems just and proper.

Dated:  January 10, 2018                            Respectfully submitted,

Pillsbury Winthrop Shaw Pittman LLP

/s/ *Patrick J. Potter*
Patrick J. Potter (Bar No. 08445)
1200 Seventeenth Street, NW
Washington, DC 20036
Tel (202) 663-8928
Fax (202) 663-8007
E-mail:  patrick.potter@pillsburylaw.com

Dania Slim (Bar No. 18050)
324 Royal Palm Way, Suite 220
Palm Beach, FL 33480
Tel (202) 663-9240
Fax (202) 663-8007
E-mail:  dania.slim@pillsburylaw.com

Jason S. Sharp (*pro hac vice* admission pending)
2 Houston Center
909 Fannin, Suite 2000
Houston, TX 77010-1028
Tel (713)276-7600
Fax (713)276-7673
Email:  jason.sharp@pillsburylaw.com

*Proposed Counsel for the Debtor*

15

# **EXHIBIT A**

**Solicitation Package & Notice Procedures**

## THE SOLICITATION PACKAGE AND GENERAL NOTICE PROCEDURES[1]

1.   On January 12, 2018, or as soon as reasonably practicable thereafter, the Debtor will commence mailing the Combined Hearing Notice by regular U.S. mail on all parties listed in the Debtor's Creditor Matrix.

2.   Beginning on January 12, 2018, or as soon as reasonably practicable thereafter, but ending no later than January 16, 2018, the Debtor will serve the Solicitation Package by regular U.S. mail solely to (a) holders of claims in Classes 2, 3, and 4 as determined by the Debtor upon review of its schedules, (b) the U.S. Trustee, and (c) any other necessary or appropriate agencies or representatives of the United States government at the locations required by Bankruptcy Rule 2002(j).

3.   For holders of claims in Classes 2, 3, and 4 as of the Voting Record Date who (1) did not receive a Solicitation Package in the Initial Solicitation or (2) filed a proof of claim in a different class, amount, or priority than listed in the Debtor's schedules, the Debtor will serve the Solicitation Package on those parties on a rolling basis as such proofs of claim are filed and complete such service no later than January 31, 2018.

4.   Each Solicitation Package will contain the following:
   a.   a cover letter describing the contents of the Solicitation Package;
   b.   the Combined Hearing Notice;
   c.   the Disclosure Statement together with the exhibits thereto, including the Plan;[2]
   d.   any letter(s) from the Debtor or other parties setting forth their recommendations with respect to the Plan; and
   e.   an appropriate form of Ballot, instructions regarding how to complete the Ballot, and a Ballot return envelope.

5.   All creditors and notice parties will receive, by regular U.S. mail, the Combined Hearing Notice.  A Solicitation Package, including the Plan and the Disclosure Statement, will not be provided to holders of claims in Class 1 except upon express request to do so.

6.   Any holder of a Claim that (a) is not listed in the Debtor's schedules and (b) is not the subject of a proof of Claim filed by the Voting Record Date will not be treated as a creditor with respect to such Claim for purposes of voting on or objecting to the Plan.

---

[1]   Capitalized terms not otherwise defined herein have the meaning ascribed to them in the motion.

[2]   In its discretion, the Debtor reserves the right to provide the Disclosure Statement, the Plan (including exhibits) and any related documents in an electronic format (*e.g.*, flash drive or CD-ROM) if the Debtor determines that this will reduce the administrative costs associated with printing and mailing voluminous paper documents.

## **EXHIBIT B**

**Ballots**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**Greenbelt Division**

| | |
|---|---|
| In re: | |
| THE CONDOMINIUM ASSOCIATION OF THE LYNNHILL CONDOMINIUM, | Case No. 18-10334 |
| Debtor.[1] | Chapter 11 |

**BALLOT FOR ACCEPTING OR REJECTING CHAPTER 11 PLAN**
**OF THE CONDOMINIUM ASSOCIATION OF THE LYNNHILL CONDOMINIUM**

> **THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS**
> **5:00 P.M. EASTERN TIME ON FEBRUARY 9, 2018**

**CLASS 2 – SECURED CLAIMS**

This Ballot is submitted to you to solicit your vote to accept or reject the Chapter 11 Plan of the Condominium Association of the Lynnhill Condominium (the "Plan"), which is being proposed by the debtor in this chapter 11 case (the "Debtor"), and which is described in the disclosure statement with respect to the Plan (the "Disclosure Statement"). On January __, 2018 the Court entered an order conditionally approving the Disclosure Statement and certain procedures and materials for the solicitation of votes to accept or reject the Plan (the "Solicitation Procedures Order"). The Bankruptcy Court's conditional approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court. Capitalized terms used in this Ballot and the attached instructions that are not otherwise defined herein have the meanings given to them in the Plan.

The Disclosure Statement provides information to assist you in deciding whether to vote to accept or reject the Plan and is included (along with the Plan and certain other materials) in the Solicitation Package you are receiving with this Ballot. You may download the documents included in the Solicitation Package (excluding the Ballots) free of charge from the Debtor's restructuring website at http://www.kccllc.net/Lynnhill. You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Please be advised that KCC, the Debtor's solicitation agent, is not permitted to provide legal advice.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you, whether or not you vote, if the Plan (a) is accepted by the holders of at least two-thirds in amount and more than one-half in number of the claims in each impaired Class of claims who vote on the Plan; and (b) otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan; and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. To have your vote counted, you must complete, sign and return this Ballot, so that it is received by the deadline indicated above. Ballots should not be sent to the Debtor.

**To have your vote counted, you must complete, sign and return this Ballot to: Lynnhill Ballot Processing Center, c/o KCC, 2335 Alaska Ave., El Segundo, CA 90245, so that it is received by the deadline indicated above. *Ballots received after 5:00 p.m. Eastern Time on February 9, 2018 will not be counted. Ballots submitted by e-mail or facsimile transmission will not be accepted. Ballots should not be sent to the Debtor or its attorneys.***

---

[1]  The Debtor's federal identification number is 52-0993760.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

PLEASE COMPLETE ITEMS 1, 2, 3 AND 4.  IF THE AMOUNT OF CLAIM IS LEFT BLANK OR CONTAINS AN AMOUNT THAT IS INCONSISTENT WITH A PROOF OF CLAIM FILED IN THE DEBTOR'S BANKRUPTCY, THE AMOUNT OF THE CLAIM WILL BE DESIGNATED AS $1.00.  IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED IN ITEM 2, OR IF BOTH BOXES ARE CHECKED IN ITEM 2, THIS BALLOT WILL NOT BE COUNTED AS HAVING BEEN CAST.  IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES BELOW, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

**Item 1. Amount of Claim.**  The undersigned hereby certifies that, as of January 31, 2018 at noon Eastern Time, the holder identified below was the holder of a Class 2 Secured Claim against the Debtor in the following amount:

Amount of Claim: $_____

**Item 2. Class 2 Vote.**  The undersigned, the holder, as of January 31, 2018, of a Secured Claim in Class 2 of the Plan, votes as follows (check only <u>one</u> box):

☐  **ACCEPT** the Plan.                    ☐**REJECT** the Plan.

**Item 3. Opt-Out.**  By checking the box below, the holder of the Secured Claim identified in Item 1 elects to opt-out of the voluntary release contained in Section 9.5 of the Plan, as detailed below.  <u>This Opt-Out is only available to parties rejecting the Plan</u>; if you vote to accept the Plan, you are automatically deemed to have consented to the release provisions of the Plan.

☐  **OPT-OUT** of Voluntary Release

**ANY BALLOT EXECUTED BY THE HOLDER OF A CLAIM THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN OR DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN WILL NOT BE COUNTED.**

**THE PLAN CONTAINS A RELEASE PROVISION IN SECTION 9.5, WHICH IS SET FORTH BELOW.  IN THAT RESPECT, PARTIES SHOULD BE AWARE THAT, IF THE PLAN IS CONFIRMED AND IF THE EFFECTIVE DATE OCCURS, CERTAIN PARTIES WILL BE GETTING RELEASES AND CERTAIN PARTIES WILL BE GIVING RELEASES AS SET FORTH IN SECTION 9.5 OF THE PLAN AND AS FURTHER DESCRIBED IN THE DISCLOSURE STATEMENT.  IF YOU RETURN A BALLOT AND VOTE TO ACCEPT THE PLAN, YOU ARE AUTOMATICALLY DEEMED TO HAVE CONSENTED TO THE RELEASE PROVISIONS OF THE PLAN.**

**SECTION 9.5 OF THE PLAN PROVIDES AS FOLLOWS:**

<u>General Releases by Holders of Claims</u>.  **Without limiting any other applicable provisions of, or releases contained in, this Plan or the Bankruptcy Code, as of the Effective Date, in consideration for, among other things, the Debtor's obligations under this Plan, cash and other contracts, instruments, releases, agreements or documents to be entered into or delivered in connection with this Plan, each Holder of a Claim (a) voting to accept the Plan or (b) abstaining from voting on the Plan and electing not to opt out of the release contained in this paragraph, will be deemed to unconditionally agree to the release provisions contained in this Plan; other than as expressly provided herein, each such Holder shall be deemed to forever release, waive and discharge all liabilities in any way relating to the Debtor, the Plan sponsors, the DIP Lender, the Bankruptcy Case or this Plan that such person has, had or may have against the Debtor and its respective present or former directors, officers, employees, attorneys, accountants, underwriters,**

**investment bankers, financial advisors and agents, acting in such capacity;** *provided*, *however*, **that the releases described in this paragraph shall not include any act, omission or occurrence that was the result of gross negligence or willful misconduct.**

**Item 4. Acknowledgments.** By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant. The undersigned understands that, if this Ballot is otherwise validly executed but is not timely submitted, does not indicate either acceptance or rejection of the Plan or indicates both an acceptance and rejection of the Plan, this Ballot will not be counted as having been cast.

_____
Name

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Name of Institution

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Date Completed

## VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT

1.    Complete the Ballot by providing all the information requested and sign, date and return the Ballot by mail, overnight courier or personal delivery to KCC (the "Solicitation Agent") at the following address:

     **Lynnhill Ballot Processing Center**
     **c/o KCC**
     **2335 Alaska Ave.**
     **El Segundo, CA 90245**

     An envelope addressed to the Solicitation Agent is enclosed for your convenience. Alternatively, this Ballot may be completed and submitted electronically via the Debtor's website for this chapter 11 case at http://www.kccllc.net/Lynnhill.

     **Ballots must be *received* by the Solicitation Agent by 5:00 p.m. Eastern Time on February 9, 2018 (the "Voting Deadline")**. If a Ballot is received after the Voting Deadline, it will not be counted.

2.    You must vote all of your claims within a single Class under the Plan either to accept or reject the Plan. If you return more than one Ballot voting different claims within a single Class under the Plan and the Ballots are not voted in the same manner, such Ballots will not be counted.

3.    Your claim has been **temporarily allowed solely for purposes of voting** to accept or reject the Plan in accordance with the Solicitation Procedures Order. The temporary allowance of your claim for voting purposes does not constitute an allowance of your claim for purposes of distribution under the Plan and is without prejudice to the rights of the Debtors in any other context (*e.g.*, the right of the Debtor to contest the amount or validity of any claim for purposes of allowance under the Plan). Unless the Bankruptcy Court orders otherwise, your claim will not be counted as a vote in excess of the amount as determined in accordance with the Solicitation Procedures Order.

3.    The Ballot does not constitute and shall not be deemed a proof of claim or an assertion of a claim.

4.    If you cast more than one Ballot voting the same claim prior to the Voting Deadline, the last properly executed Ballot received by the Solicitation Agent before the Voting Deadline (as determined by the Voting Agent) will be deemed to reflect your intent either to accept or reject the Plan.

5.    If you wish to withdraw a Ballot after you have delivered it to the Voting Agent, you may do so by delivering a notice of written withdrawal to the Voting Agent at the address above so that the Voting Agent receives the notice prior to the Voting Deadline. To be valid, a notice of withdrawal must (a) specify the name of the creditor who submitted the Ballot to be withdrawn, (b) contain a description of the claim(s) to which it relates and (c) be signed by the creditor in the same manner as on the Ballot.

**PLEASE RETURN YOUR BALLOT PROMPTLY.**
**BALLOTS SHOULD *NOT* BE SENT TO THE DEBTOR OR ITS ATTORNEY.**
**BALLOTS *WILL NOT* BE ACCEPTED BY E-MAIL OR FACSIMILE TRANSMISSION.**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**Greenbelt Division**

|  |  |
|---|---|
| In re: | |
| THE CONDOMINIUM ASSOCIATION OF THE LYNNHILL CONDOMINIUM, | Case No. 18-10334 |
| Debtor.[1] | Chapter 11 |

**BALLOT FOR ACCEPTING OR REJECTING CHAPTER 11 PLAN**
**OF THE CONDOMINIUM ASSOCIATION OF THE LYNNHILL CONDOMINIUM**

> **THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS**
> **5:00 P.M. EASTERN TIME ON FEBRUARY 9, 2018**

**CLASS 3 – GENERAL UNSECURED CLAIMS**

This Ballot is submitted to you to solicit your vote to accept or reject the Chapter 11 Plan of the Condominium Association of the Lynnhill Condominium (the "Plan"), which is being proposed by the debtor in this chapter 11 case (the "Debtor"), and which is described in the disclosure statement with respect to the Plan (the "Disclosure Statement"). On January __, 2018 the Court entered an order conditionally approving the Disclosure Statement and certain procedures and materials for the solicitation of votes to accept or reject the Plan (the "Solicitation Procedures Order"). The Bankruptcy Court's conditional approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court. Capitalized terms used in this Ballot and the attached instructions that are not otherwise defined herein have the meanings given to them in the Plan.

The Disclosure Statement provides information to assist you in deciding whether to vote to accept or reject the Plan and is included (along with the Plan and certain other materials) in the Solicitation Package you are receiving with this Ballot. You may download the documents included in the Solicitation Package (excluding the Ballots) free of charge from the Debtor's restructuring website at http://www.kccllc.net/Lynnhill. You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Please be advised that KCC, the Debtor's solicitation agent, is not permitted to provide legal advice.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you, whether or not you vote, if the Plan (a) is accepted by the holders of at least two-thirds in amount and more than one-half in number of the claims in each impaired Class of claims who vote on the Plan; and (b) otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan; and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. To have your vote counted, you must complete, sign and return this Ballot, so that it is received by the deadline indicated above. Ballots should not be sent to the Debtor.

**To have your vote counted, you must complete, sign and return this Ballot to: Lynnhill Ballot Processing Center, c/o KCC, 2335 Alaska Ave., El Segundo, CA 90245, so that it is received by the deadline indicated above. *Ballots received after 5:00 p.m. Eastern Time on February 9, 2018 will not be counted. Ballots submitted by e-mail or facsimile transmission will not be accepted. Ballots should not be sent to the Debtor or its attorneys.***

---

[1] The Debtor's federal identification number is 52-0993760.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

PLEASE COMPLETE ITEMS 1, 2, 3 AND 4.  IF THE AMOUNT OF CLAIM IS LEFT BLANK OR CONTAINS AN AMOUNT THAT IS INCONSISTENT WITH A PROOF OF CLAIM FILED IN THE DEBTOR'S BANKRUPTCY, THE AMOUNT OF THE CLAIM WILL BE DESIGNATED AS $1.00.  IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED IN ITEM 2, OR IF BOTH BOXES ARE CHECKED IN ITEM 2, THIS BALLOT WILL NOT BE COUNTED AS HAVING BEEN CAST.  IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES BELOW, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

**Item 1. Amount of Claim.**  The undersigned hereby certifies that, as of January 31, 2018 at noon Eastern Time, the holder identified below was the holder of a Class 3 General Unsecured Claim against the Debtor in the following amount:

Amount of Claim: $_____

**Item 2. Class 3 Vote.**  The undersigned, the holder, as of January 31, 2018, of a General Unsecured Claim in Class 3 of the Plan, votes as follows (check only <u>one</u> box):

☐   **ACCEPT** the Plan.                    ☐**REJECT** the Plan.

**Item 3. Opt-Out.**  By checking the box below, the holder of the General Unsecured Claim identified in Item 1 elects to opt-out of the voluntary release contained in Section 9.5 of the Plan, as detailed below.  <u>This Opt-Out is only available to parties rejecting the Plan</u>; if you vote to accept the Plan, you are automatically deemed to have consented to the release provisions of the Plan.

☐   **OPT-OUT** of Voluntary Release

**ANY BALLOT EXECUTED BY THE HOLDER OF A CLAIM THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN OR DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN WILL NOT BE COUNTED.**

**THE PLAN CONTAINS A RELEASE PROVISION IN SECTION 9.5, WHICH IS SET FORTH BELOW.  IN THAT RESPECT, PARTIES SHOULD BE AWARE THAT, IF THE PLAN IS CONFIRMED AND IF THE EFFECTIVE DATE OCCURS, CERTAIN PARTIES WILL BE GETTING RELEASES AND CERTAIN PARTIES WILL BE GIVING RELEASES AS SET FORTH IN SECTION 9.5 OF THE PLAN AND AS FURTHER DESCRIBED IN THE DISCLOSURE STATEMENT.  IF YOU RETURN A BALLOT AND VOTE TO ACCEPT THE PLAN, YOU ARE AUTOMATICALLY DEEMED TO HAVE CONSENTED TO THE RELEASE PROVISIONS OF THE PLAN.**

**SECTION 9.5 OF THE PLAN PROVIDES AS FOLLOWS:**

<u>General Releases by Holders of Claims</u>.  **Without limiting any other applicable provisions of, or releases contained in, this Plan or the Bankruptcy Code, as of the Effective Date, in consideration for, among other things, the Debtor's obligations under this Plan, cash and other contracts, instruments, releases, agreements or documents to be entered into or delivered in connection with this Plan, each Holder of a Claim (a) voting to accept the Plan or (b) abstaining from voting on the Plan and electing not to opt out of the release contained in this paragraph, will be deemed to unconditionally agree to the release provisions contained in this Plan; other than as expressly provided herein, each such Holder shall be deemed to forever release, waive and discharge all liabilities in any way relating to the Debtor, the Plan sponsors, the DIP Lender, the Bankruptcy Case or this Plan that such person has, had or may have against the Debtor and its respective present or former directors, officers, employees, attorneys, accountants, underwriters,**

**investment bankers, financial advisors and agents, acting in such capacity; *provided*, *however*, that the releases described in this paragraph shall not include any act, omission or occurrence that was the result of gross negligence or willful misconduct.**

**Item 4. Acknowledgments.** By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant. The undersigned understands that, if this Ballot is otherwise validly executed but is not timely submitted, does not indicate either acceptance or rejection of the Plan or indicates both an acceptance and rejection of the Plan, this Ballot will not be counted as having been cast.

_____
Name

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Name of Institution

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Date Completed

4817-0956-9625

## VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT

1. Complete the Ballot by providing all the information requested and sign, date and return the Ballot by mail, overnight courier or personal delivery to KCC (the "Solicitation Agent") at the following address:

   **Lynnhill Ballot Processing Center**
   **c/o KCC**
   **2335 Alaska Ave.**
   **El Segundo, CA 90245**

   An envelope addressed to the Solicitation Agent is enclosed for your convenience. Alternatively, this Ballot may be completed and submitted electronically via the Debtor's website for this chapter 11 case at http://www.kccllc.net/Lynnhill.

   **Ballots must be *received* by the Solicitation Agent by 5:00 p.m. Eastern Time on February 9, 2018 (the "Voting Deadline")**. If a Ballot is received after the Voting Deadline, it will not be counted.

2. You must vote all of your claims within a single Class under the Plan either to accept or reject the Plan. If you return more than one Ballot voting different claims within a single Class under the Plan and the Ballots are not voted in the same manner, such Ballots will not be counted.

3. Your claim has been **temporarily allowed solely for purposes of voting** to accept or reject the Plan in accordance with the Solicitation Procedures Order. The temporary allowance of your claim for voting purposes does not constitute an allowance of your claim for purposes of distribution under the Plan and is without prejudice to the rights of the Debtors in any other context (*e.g.*, the right of the Debtor to contest the amount or validity of any claim for purposes of allowance under the Plan). Unless the Bankruptcy Court orders otherwise, your claim will not be counted as a vote in excess of the amount as determined in accordance with the Solicitation Procedures Order.

3. The Ballot does not constitute and shall not be deemed a proof of claim or an assertion of a claim.

4. If you cast more than one Ballot voting the same claim prior to the Voting Deadline, the last properly executed Ballot received by the Solicitation Agent before the Voting Deadline (as determined by the Voting Agent) will be deemed to reflect your intent either to accept or reject the Plan.

5. If you wish to withdraw a Ballot after you have delivered it to the Voting Agent, you may do so by delivering a notice of written withdrawal to the Voting Agent at the address above so that the Voting Agent receives the notice prior to the Voting Deadline. To be valid, a notice of withdrawal must (a) specify the name of the creditor who submitted the Ballot to be withdrawn, (b) contain a description of the claim(s) to which it relates and (c) be signed by the creditor in the same manner as on the Ballot.

**PLEASE RETURN YOUR BALLOT PROMPTLY.**
**BALLOTS SHOULD *NOT* BE SENT TO THE DEBTOR OR ITS ATTORNEY.**
**BALLOTS *WILL NOT* BE ACCEPTED BY E-MAIL OR FACSIMILE TRANSMISSION.**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### Greenbelt Division

| | |
|---|---|
| In re:<br><br>THE CONDOMINIUM ASSOCIATION OF<br>THE LYNNHILL CONDOMINIUM,<br><br>Debtor.[1] | Case No. 18-10334<br><br>Chapter 11 |

### BALLOT FOR ACCEPTING OR REJECTING CHAPTER 11 PLAN
### OF THE CONDOMINIUM ASSOCIATION OF THE LYNNHILL CONDOMINIUM

> **THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS**
> **5:00 P.M. EASTERN TIME ON FEBRUARY 9, 2018**

### CLASS 4 – FORMER RESIDENT CLAIMS

This Ballot is submitted to you to solicit your vote to accept or reject the Chapter 11 Plan of the Condominium Association of the Lynnhill Condominium (the "Plan"), which is being proposed by the debtor in this chapter 11 case (the "Debtor"), and which is described in the disclosure statement with respect to the Plan (the "Disclosure Statement"). On January __, 2018 the Court entered an order conditionally approving the Disclosure Statement and certain procedures and materials for the solicitation of votes to accept or reject the Plan (the "Solicitation Procedures Order"). The Bankruptcy Court's conditional approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court. Capitalized terms used in this Ballot and the attached instructions that are not otherwise defined herein have the meanings given to them in the Plan.

The Disclosure Statement provides information to assist you in deciding whether to vote to accept or reject the Plan and is included (along with the Plan and certain other materials) in the Solicitation Package you are receiving with this Ballot. You may download the documents included in the Solicitation Package (excluding the Ballots) free of charge from the Debtor's restructuring website at http://www.kccllc.net/Lynnhill. You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Please be advised that KCC, the Debtor's solicitation agent, is not permitted to provide legal advice.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you, whether or not you vote, if the Plan (a) is accepted by the holders of at least two-thirds in amount and more than one-half in number of the claims in each impaired Class of claims who vote on the Plan; and (b) otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan; and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. To have your vote counted, you must complete, sign and return this Ballot, so that it is received by the deadline indicated above. Ballots should not be sent to the Debtor.

**To have your vote counted, you must complete, sign and return this Ballot to: Lynnhill Ballot Processing Center, c/o KCC, 2335 Alaska Ave., El Segundo, CA 90245, so that it is received by the deadline indicated above. *Ballots received after 5:00 p.m. Eastern Time on February 9, 2018 will not be counted. Ballots submitted by e-mail or facsimile transmission will not be accepted. Ballots should not be sent to the Debtor or its attorneys.***

---

[1] The Debtor's federal identification number is 52-0993760.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

PLEASE COMPLETE ITEMS 1, 2, 3 AND 4.  IF THE AMOUNT OF CLAIM IS LEFT BLANK OR CONTAINS AN AMOUNT THAT IS INCONSISTENT WITH A PROOF OF CLAIM FILED IN THE DEBTOR'S BANKRUPTCY, THE AMOUNT OF THE CLAIM WILL BE DESIGNATED AS $1.00.  IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED IN ITEM 2, OR IF BOTH BOXES ARE CHECKED IN ITEM 2, THIS BALLOT WILL NOT BE COUNTED AS HAVING BEEN CAST.  IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES BELOW, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

**Item 1. Amount of Claim.**  The undersigned hereby certifies that, as of January 31, 2018 at noon Eastern Time, the holder identified below was the holder of a Class 4 Former Resident Claim against the Debtor in the following amount:

Amount of Claim: $_____

**Item 2. Class 4 Vote.**  The undersigned, the holder, as of January 31, 2018, of a Former Resident Claim in Class 4 of the Plan, votes as follows (check only <u>one</u> box):

☐  **ACCEPT** the Plan.                        ☐**REJECT** the Plan.

**Item 3. Opt-Out.**  By checking the box below, the holder of the Former Resident Claim identified in Item 1 elects to opt-out of the voluntary release contained in Section 9.5 of the Plan, as detailed below.  <u>This Opt-Out is only available to parties rejecting the Plan</u>; if you vote to accept the Plan, you are automatically deemed to have consented to the release provisions of the Plan.

☐  **OPT-OUT** of Voluntary Release

**ANY BALLOT EXECUTED BY THE HOLDER OF A CLAIM THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN OR DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN WILL NOT BE COUNTED.**

**THE PLAN CONTAINS A RELEASE PROVISION IN SECTION 9.5, WHICH IS SET FORTH BELOW.  IN THAT RESPECT, PARTIES SHOULD BE AWARE THAT, IF THE PLAN IS CONFIRMED AND IF THE EFFECTIVE DATE OCCURS, CERTAIN PARTIES WILL BE GETTING RELEASES AND CERTAIN PARTIES WILL BE GIVING RELEASES AS SET FORTH IN SECTION 9.5 OF THE PLAN AND AS FURTHER DESCRIBED IN THE DISCLOSURE STATEMENT.  IF YOU RETURN A BALLOT AND VOTE TO ACCEPT THE PLAN, YOU ARE AUTOMATICALLY DEEMED TO HAVE CONSENTED TO THE RELEASE PROVISIONS OF THE PLAN.**

**SECTION 9.5 OF THE PLAN PROVIDES AS FOLLOWS:**

**<u>General Releases by Holders of Claims</u>.  Without limiting any other applicable provisions of, or releases contained in, this Plan or the Bankruptcy Code, as of the Effective Date, in consideration for, among other things, the Debtor's obligations under this Plan, cash and other contracts, instruments, releases, agreements or documents to be entered into or delivered in connection with this Plan, each Holder of a Claim (a) voting to accept the Plan or (b) abstaining from voting on the Plan and electing not to opt-out of the release contained in this paragraph, will be deemed to unconditionally agree to the release provisions contained in this Plan; other than as expressly provided herein, each such Holder shall be deemed to forever release, waive and discharge all liabilities in any way relating to the Debtor, the Plan sponsors, the DIP Lender, the Bankruptcy Case or this Plan that such person has, had or may have against the Debtor and its respective present or former directors, officers, employees, attorneys, accountants, underwriters, investment bankers, financial advisors and agents, acting in such capacity; *provided*, *however*, that the**

**releases described in this paragraph shall not include any act, omission or occurrence that was the result of gross negligence or willful misconduct.**

**Item 4. Acknowledgments.** By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant. The undersigned understands that, if this Ballot is otherwise validly executed but is not timely submitted, does not indicate either acceptance or rejection of the Plan or indicates both an acceptance and rejection of the Plan, this Ballot will not be counted as having been cast.

_____
Name

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Name of Institution

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Date Completed

## VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT

1.      Complete the Ballot by providing all the information requested and sign, date and return the Ballot by mail, overnight courier or personal delivery to KCC (the "Solicitation Agent") at the following address:

**Lynnhill Ballot Processing Center**
**c/o KCC**
**2335 Alaska Ave.**
**El Segundo, CA 90245**

An envelope addressed to the Solicitation Agent is enclosed for your convenience.  Alternatively, this Ballot may be completed and submitted electronically via the Debtor's website for this chapter 11 case at http://www.kccllc.net/Lynnhill.

**Ballots must be _received_ by the Solicitation Agent by 5:00 p.m. Eastern Time on February 9, 2018 (the "Voting Deadline")**.  If a Ballot is received after the Voting Deadline, it will not be counted.

2.      You must vote all of your claims within a single Class under the Plan either to accept or reject the Plan.  If you return more than one Ballot voting different claims within a single Class under the Plan and the Ballots are not voted in the same manner, such Ballots will not be counted.

3.      Your claim has been **temporarily allowed solely for purposes of voting** to accept or reject the Plan in accordance with the Solicitation Procedures Order.  The temporary allowance of your claim for voting purposes does not constitute an allowance of your claim for purposes of distribution under the Plan and is without prejudice to the rights of the Debtors in any other context (_e.g._, the right of the Debtor to contest the amount or validity of any claim for purposes of allowance under the Plan).  Unless the Bankruptcy Court orders otherwise, your claim will not be counted as a vote in excess of the amount as determined in accordance with the Solicitation Procedures Order.

3.      The Ballot does not constitute and shall not be deemed a proof of claim or an assertion of a claim.

4.      If you cast more than one Ballot voting the same claim prior to the Voting Deadline, the last properly executed Ballot received by the Solicitation Agent before the Voting Deadline (as determined by the Voting Agent) will be deemed to reflect your intent either to accept or reject the Plan.

5.      If you wish to withdraw a Ballot after you have delivered it to the Voting Agent, you may do so by delivering a notice of written withdrawal to the Voting Agent at the address above so that the Voting Agent receives the notice prior to the Voting Deadline.  To be valid, a notice of withdrawal must (a) specify the name of the creditor who submitted the Ballot to be withdrawn, (b) contain a description of the claim(s) to which it relates and (c) be signed by the creditor in the same manner as on the Ballot.

**PLEASE RETURN YOUR BALLOT PROMPTLY.**
**BALLOTS SHOULD _NOT_ BE SENT TO THE DEBTOR OR ITS ATTORNEY.**
**BALLOTS _WILL NOT_ BE ACCEPTED BY E-MAIL OR FACSIMILE TRANSMISSION.**

## **EXHIBIT C**

**Tabulation Rules**

4817-0956-9625

## **TABULATION RULES**

### *Allowance and Disallowance of Claims and Determination of Claim Amounts for Voting Purposes*

1.  Claims listed in the Debtor's schedules as contingent, unliquidated, or disputed, or Claims that are the subject of an objection, will be deemed temporarily allowed for voting purposes in the amount of one dollar ($1.00).

2.  Proofs of claim filed in accordance with the procedures set forth in an order approving the Debtor's Bar Date Motion prior to the Voting Record Date will be deemed temporarily allowed for voting purposes in the amount set forth on the claim, unless such claim is objected to by the Debtor prior to the Voting Deadline. Unless otherwise ordered by the Court, claims subject to an objection on the Voting Deadline will be deemed temporarily allowed in the amount of one dollar ($1.00).

3.  If a claim holder identifies a claim amount on its Ballot that is different than the amount otherwise calculated in accordance with the Tabulation Rules, the claim will be temporarily allowed for voting purposes in the lesser amount identified on such Ballot.

### *Rules for Counting Votes to Accept or Reject Plan*

1.  In tabulating the Ballots, the following procedures shall apply:

   a.    any Ballot that is properly completed, executed and timely returned to the Solicitation Agent but does not indicate an acceptance or rejection of the Plan, or indicates both an acceptance and rejection of the Plan, will not be counted;

   b.    if a creditor casts more than one Ballot voting the same claim before the Voting Deadline, the last properly executed Ballot received before the Voting Deadline will be deemed to reflect the voter's intent and, thus, will supersede any prior Ballots;

   c.    Creditors will be required to vote all of their claims within their Class under the Plan either to accept or reject the Plan and may not split their votes.

   d.    For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code and based on the reasonable efforts of the Solicitation Agent, separate claims held by a single creditor in a particular class will be aggregated as if such creditor held one claim against the Debtor in such class, and the votes related to such claims will be treated as a single vote to accept or reject the Plan.

   e.    Where any portion of a single claim has been transferred to a transferee, all holders of any portion of such single claim will be (1) treated as a single creditor for purposes of the numerosity requirements in section 1126(c) of the Bankruptcy Code (and for the other voting and solicitation procedures set forth herein) and (2) required to vote every portion of such claim collectively either to accept or reject the Plan.

4817-0956-9625

f.     In the event that a Ballot or a group of Ballots within a Class received from a single creditor partially rejects and partially accepts the Plan, such Ballots shall not be counted.

**<u>EXHIBIT D</u>**

**Combined Hearing Notice**

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division**

In re:

THE CONDOMINIUM ASSOCIATION OF
THE LYNNHILL CONDOMINIUM,

Debtor.[1]

Case No. 18-10334

Chapter 11

**NOTICE OF (A) DEADLINE FOR CASTING VOTES TO ACCEPT OR
REJECT THE DEBTOR'S CHAPTER 11 PLAN, (B) HEARING TO CONSIDER
APPROVAL OF THE DISCLOSURE STATEMENT AND CONFIRMATION
OF THE PLAN, AND (C) RELATED MATTERS AND PROCEDURES**

**PLEASE TAKE NOTICE THAT:**

1.  On January 10, 2018 (the "Petition Date"), the Debtor filed: (a) Chapter 11 Plan of the Condominium Association of the Lynnhill Condominium (as it may be amended or modified, the "Plan"); (b) the disclosure statement for the Plan (as it may be amended or modified, the "Disclosure Statement"); and (c) *Debtor's Expedited Motion for (I) Conditional Approval of the Disclosure Statement, (II) Approval of Procedures for Solicitation and Tabulation of Votes on the Plan, and (III) a Combined Hearing on Approval of the Disclosure Statement and Confirmation of the Plan* (the "Motion").[2]

2.  Pursuant to an order of the Court dated January __, 2018 [Doc. _____] (the "Solicitation Procedures Order"), the solicitation procedures and other related materials have been approved for the solicitation of votes to accept or reject the Plan.  The Solicitation Procedures Order also conditionally approved the Disclosure Statement without prejudice to any party in interest's objection to the Disclosure Statement at the Combined Hearing.

3.  **A hearing to consider approval of the Disclosure Statement and confirmation of the Plan (the "Combined Hearing") will be held on February 13, 2018, at [__]:[__] [_].m. Eastern Time before the Honorable Wendelin I. Lipp, United States Bankruptcy Judge, in Courtroom 3C at the United States Courthouse, 6500 Cherrywood Lane, Greenbelt, MD 20770.**

4.  **If the Plan is approved at the Combined Hearing, the Property, which includes the Lynnhill Condominium, all of its constituent units, common areas, and surrounding**

---

[1]  The Debtor's federal identification number is 52-0993760.

[2]  Capitalized terms used in this Notice not otherwise defined have the meaning given in the Plan or the Motion, as applicable.

**parking lots and land will be sold free and clear of all liens, claims and encumbrances.**

5. Pursuant to the Solicitation Procedures Order, the Court approved certain procedures for the solicitation and tabulation of votes to accept or reject the Plan.

    a.    Under the terms of the Plan, Class 2 (Secured Claims), Class 3 (General Unsecured Claims) and Class 4 (Former Resident Claims) are entitled to vote on the Plan.

    b.    If you are the holder of a claim against the Debtor as of January 10, 2018 in a Class entitled to vote on the Plan (*i.e.*, Classes 2, 3 and 4), you have received with this notice a Solicitation Package. The Solicitation Package includes, among other things, a ballot form (a "Ballot") and voting instructions appropriate for your claim, as well as copies of the Plan and the Disclosure Statement and related solicitation materials.

    c.    The deadline to return completed Ballots is 5:00 p.m. Eastern Time on February 9, 2018 (the "Voting Deadline"). Any failure to follow the voting instructions included with the Ballot or to return a properly completed Ballot so that it is received by the Voting Deadline may disqualify the Ballot.

    d.    YOU ARE URGED TO READ CAREFULLY ALL INSTRUCTIONS RECEIVED WITH YOUR SOLICITATION MATERIALS TO ENSURE THAT YOUR BALLOT IS PROPERLY COMPLETED AND TIMELY SUBMITTED.

    e.    Under the terms of the Plan, Class 1 (Priority Non-Tax Claims) are not entitled to vote on the Plan.

    f.    If you are the holder of a claim against or interest in the Debtor in a Class not entitled to vote on the Plan, you have not received a Solicitation Package. Copies of the Plan and the Disclosure Statement and other key documents in this chapter 11 case are available for inspection free of charge (i) on the website established by the Debtor for this chapter 11 case at http://www.kccllc.net/Lynnhill; or (ii) between the hours of 8:00 a.m. and 4:00 p.m. (ET), Monday through Friday, at the Office of the Clerk, 6500 Cherrywood Lane, Suite 300, Greenbelt, MD 20770; or (iii) by contacting the Solicitation Agent using the information below.

    g.    Any holder of a claim that (a) is not listed in the Debtor's schedules and (b) is not the subject of a proof of claim filed by the Voting Record Date will not be treated as a creditor with respect to such claim for purposes of voting on or objecting to the Plan.

6. Objections, if any, to approval of the Disclosure Statement or confirmation of the Plan must: (a) be in writing; (b) state the name and address of the objecting party and the nature of the claim of such party; (c) state with particularity the basis and nature of such Objection (and, if practicable, a proposed modification to the Plan that would resolve such Objection); (d) conform to the Bankruptcy Rules, the Local Rules and any orders of the Court; and (e) be filed with the Court and served on the following parties so that they are received no later than **5:00 p.m. Eastern Time on February 9, 2018:**

    a.    counsel to the Debtor, Pillsbury Winthrop Shaw Pittman LLP, 1200 Seventeenth Street, NW, Washington, DC 20036, Attn: Patrick J. Potter;

    b.    the Office of the United States Trustee for Region 4, 6305 Ivy Lane, Suite 600, Greenbelt, MD 20770, Attn: Jeanne M. Crouse; and

    [c.    counsel to the Official Committee of Unsecured Creditors]

7. The Combined Hearing may be continued from time to time without further notice other than an order confirming the adjourned date at the Combined Hearing or any continued hearing.

8. Copies of the Plan, the Disclosure Statement, and other information regarding the Debtor's chapter 11 case are available free of charge at http://www.kccllc.net/Lynnhill, upon written request to LynnhillInfo@kccllc.com or Lynnhill Ballot Processing Center, c/o KCC, 2335 Alaska Ave., El Segundo, CA 90245 or by calling: 877-725-7530 or 424-236-7240.

Dated:  January [__], 2018        Pillsbury Winthrop Shaw Pittman LLP

                        */s/ Patrick J. Potter*
                        Patrick J. Potter (Bar No. 08445)
                        1200 Seventeenth Street, NW
                        Washington, DC 20036
                        Tel (202) 663-8928
                        Fax (202) 663-8007
                        E-mail:  patrick.potter@pillsburylaw.com

                        Dania Slim (Bar No. 18050)
                        324 Royal Palm Way, Suite 220
                        Palm Beach, FL 33480
                        Tel (202) 663-9240
                        Fax (202) 663-8007
                        E-mail:  dania.slim@pillsburylaw.com

                        Jason S. Sharp (*pro hac vice* admission pending)
                        2 Houston Center
                        909 Fannin, Suite 2000

Houston, TX 77010-1028
Tel (713)276-7600
Fax (713)276-7673
Email: jason.sharp@pillsburylaw.com

**<u>EXHIBIT E</u>**

**Publication Notice**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**Greenbelt Division**

| | |
|---|---|
| In re:<br><br>THE CONDOMINIUM ASSOCIATION OF THE LYNNHILL CONDOMINIUM,<br><br>Debtor.[1] | Case No. 18-10334<br><br>Chapter 11 |

**NOTICE OF (A) DEADLINES FOR FILING PROOFS OF CLAIM AGAINST DEBTOR; (B) DEADLINE FOR CASTING VOTES TO ACCEPT OR REJECT THE DEBTOR'S CHAPTER 11 PLAN; (C) HEARING TO CONSIDER APPROVAL OF THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE PLAN**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.      On January 10, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Maryland (the "Court"). Set forth below is the Debtor's name, address, federal tax identification number and the bankruptcy case number:

| Debtor | Property | EIN | Case No.: |
|---|---|---|---|
| Condominium Association of the Lynnhill Condominium | 3103-3107 Good Hope Avenue, Temple Hills, Maryland 20748 (the "Property") | 52-0993760 | 18-10334 |

2.      On January 10, 2018, the Debtor also filed a motion for entry of an order (i) establishing deadlines for filing Claims and (ii) approving the form and manner of notice thereof (the "Bar Date Motion"). On January __, 2018 the Court entered an order [Doc. __] (the "Bar Date Order"), which establishes certain deadline for filing proofs of Claim in the Debtor's chapter 11 case. Capitalized terms used in this paragraph 2 not otherwise defied have the meaning ascribed to such terms in the Bar Date Motion or the Bar Date Order. Pursuant to the Bar Date Order, except as otherwise specifically set forth in such order, all persons, entities and governmental units who have a Claim or potential Claim that arose prior to the Petition Date, no matter how remote or contingent such right to payment, **MUST FILE A PROOF OF CLAIM** on or before February 9, 2018 at 5:00 p.m. (ET) for general creditors, and July 9, 2018, at 5:00 p.m. (ET) for governmental units by (i) filing a claim electronically on the Debtor's case website at http://www.kccllc.net/Lynnhill or (ii) mailing or delivering the original Claim by regular mail, overnight mail, or courier service to Lynnhill Claims Processing Center, c/o KCC,

---

[1]   The Debtor's federal identification number is 52-0993760.

2335 Alaska Ave., El Segundo, CA 90245. **Proofs of Claim sent by facsimile or e-mail will not be accepted.**

3.     **ANY PERSON OR ENTITY (EXCEPT A PERSON OR ENTITY WHO IS EXCUSED BY THE TERMS OF THE BAR DATE ORDER) WHO FAILS TO FILE A PROOF OF CLAIM ON OR BEFORE THE APPLICABLE DEADLINE IN ACCORDANCE WITH THE INSTRUCTIONS ABOVE AND IN THE BAR DATE ORDER WILL BE FOREVER BARRED AND ESTOPPED FROM (I) ASSERTING A CLAIM AGAINST THE DEBTOR OR THE PROPERTY, (II) RECEIVING DISTRIBUTIONS UNDER ANY CHAPTER 11 PLAN AND (III) BOUND BY THE TERMS OF ANY CHAPTER 11 PLAN THAT MAY BE CONFIRMED BY THE COURT IN THE DEBTOR'S CASE, AND THE DEBTOR AND ITS PROPERTY MAY BE DISCHARGED FROM ANY AND ALL LIABILITY WITH RESPECT TO SUCH UNFILED CLAIM.**

4.     Pursuant to an order of the Court dated January [__], 2018 [Doc. ___] (the "Solicitation Procedures Order"), the solicitation procedures and other related materials have been approved for the solicitation of votes to accept or reject the Chapter 11 Plan of the Condominium Association of the Lynnhill Condominium (the "Plan"). The Solicitation Procedures Order also conditionally approved the disclosure statement for the Plan (the "Disclosure Statement") without prejudice to any party in interest's objection to the Disclosure Statement at the Combined Hearing.[2]

5.     **A hearing to consider approval of the Disclosure Statement and confirmation of the Plan (the "Combined Hearing") will be held on February 13, 2018, at [__]:[__] [_].m. Eastern Time before the Honorable Wendelin I. Lipp, United States Bankruptcy Judge, in Courtroom 3C at the United States Courthouse, 6500 Cherrywood Lane, Greenbelt, Maryland 20770.**

6.     **If the Plan is approved at the Combined Hearing, the Property, which includes the Lynnhill Condominium, all of its constituent units, common areas, and surrounding parking lots and land will be sold free and clear of all liens, claims and encumbrances.**

7.     Pursuant to the Solicitation Procedures Order, the Court approved certain procedures for the solicitation and tabulation of votes to accept or reject the Plan.

   a.     Under the terms of the Plan, Class 2 (Secured Claims), Class 3 (General Unsecured Claims) and Class 4 (Former Resident Claims) are entitled to vote on the Plan. Class 1 (Priority Non-Tax Claims) are **not** entitled to vote on the Plan.

---

[2]  Capitalized terms used in this Notice not otherwise defined have the meaning given in the Plan or the *Debtor's Expedited Motion for (I) Conditional Approval of the Disclosure Statement, (II) Approval of Procedures for Solicitation and Tabulation of Votes on the Plan, and (III) a Combined Hearing on Approval of the Disclosure Statement and Confirmation of the Plan* (Doc. [___]), as applicable.

b.    **The deadline to return completed Ballots is 5:00 p.m. (ET) on February 9, 2018 (the "Voting Deadline")**.  Any failure to follow the voting instructions included with the Ballot or to return a properly completed Ballot so that it is received by the Voting Deadline may disqualify the Ballot.

c.    Any holder of a claim that (a) is not listed in the Debtor's schedules and (b) is not the subject of a proof of claim filed by the Voting Record Date will not be treated as a creditor with respect to such claim for purposes of voting on or objecting to the Plan.

8.    Objections, if any, to approval of the Disclosure Statement or confirmation of the Plan must: (a) be in writing; (b) state the name and address of the objecting party and the nature of the claim of such party; (c) state with particularity the basis and nature of such Objection (and, if practicable, a proposed modification to the Plan that would resolve such Objection); (d) conform to the Bankruptcy Rules, the Local Rules and any orders of the Court; and (e) be filed with the Court and served on the following parties so that they are received no later than **5:00 p.m. Eastern Time on February 9, 2018:**  (a) counsel to the Debtor, Pillsbury Winthrop Shaw Pittman LLP, 1200 Seventeenth Street, NW, Washington, DC 20036, Attn: Patrick J. Potter; (b)  the Office of the United States Trustee for Region 4, 6305 Ivy Lane, Suite 600, Greenbelt, MD 20770, Attn: Jeanne M. Crouse; and [c. counsel to the Official Committee of Unsecured Creditors].

9.    The Combined Hearing may be continued from time to time without further notice other than an order confirming the adjourned date at the Combined Hearing or any continued hearing.

10.    Copies of the Bar Date Order, forms for filing proofs of claim, the Schedules, the Plan, the Disclosure Statement and other information regarding the Debtor's chapter 11 case are available for inspection free of charge at http://www.kccllc.net/Lynnhill or between the hours of 8:00 a.m. and 4:00 p.m. (ET), Monday through Friday, at the Office of the Clerk, 6500 Cherrywood Lane, Suite 300, Greenbelt, MD 20770. Copies are also available upon written request to LynnhillInfo@kccllc.com or Lynnhill Ballot Processing Center, c/o KCC, 2335 Alaska Ave., El Segundo, CA 90245 or by calling: 877-725-7530 or 424-236-7240.

Dated:  January [__], 2018            Pillsbury Winthrop Shaw Pittman LLP

*/s/ Patrick J. Potter*
Patrick J. Potter (Bar No. 08445)
1200 Seventeenth Street, NW
Washington, DC 20036
Tel (202) 663-8928
Fax (202) 663-8007
E-mail:  patrick.potter@pillsburylaw.com

*Proposed Counsel for the Debtor*

**<u>EXHIBIT F</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**Greenbelt Division**

| | |
|---|---|
| In re: | |
| THE CONDOMINIUM ASSOCIATION OF THE LYNNHILL CONDOMINIUM, | Case No. 18-10334 |
| Debtor.[1] | Chapter 11 |

**ORDER (I) CONDITIONALLY APPROVING THE**
**DISCLOSURE STATEMENT, (II) ESTABLISHING PROCEDURES**
**FOR SOLICITATION AND TABULATION OF VOTES ON THE**
**PLAN AND (III) SCHEDULING A COMBINED HEARING ON APPROVAL**
**OF THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE PLAN**

Upon the Debtor's motion for (i) conditional approval of the Disclosure Statement, (ii) approval of procedures for solicitation and tabulation of votes on the plan, and (iii) a Combined Hearing on approval of the Disclosure Statement and confirmation of Plan (the "Motion");[2] the Court finding that (a) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) adequate notice of the Motion and the hearing thereon was given under the

---

[1]  The Debtor's federal identification number is 52-0993760.

circumstances and that no other or further notice is necessary; (d) the Solicitation Procedures and Tabulation Rules provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code, (e) the deadlines, time periods, forms and manner of notices proposed in the Motion are acceptable and adequate and comply with the Bankruptcy Rules and the Local Rules, and (f) the legal and factual bases set forth in the Motion and on the record establish just cause for the relief granted herein, and it appearing that the relief requested is in the best interest of the Debtor's estate, creditors and other parties-in-interest; and after due deliberation, and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.      The Motion is granted.

*Conditional Approval of the Disclosure Statement*

2.      The Disclosure Statement is conditionally approved as having adequate information as required by section 1125(b) of the Bankruptcy Code, without prejudice to any party in interest's objection to the Disclosure Statement at the Combined Hearing.

*Content and Mailing of the Solicitation Package*

3.      The form, content and manner of service of the Solicitation Package, as set forth in Exhibit A to the Motion, are APPROVED in all respects.

4.      On January 12, 2018,[3] or as soon as reasonably practicable thereafter, the Debtor will commence mailing the Combined Hearing Notice by regular U.S. mail on all parties listed in the Debtor's Creditor Matrix.

5.      On January 12, 2018,[4] or as soon as reasonably practicable thereafter, the Debtor will commence mailing of the Solicitation Package solely to (a) holders of claims in the Voting

---

[2]   Capitalized terms used but not defined in this Order have the meaning given such terms in the Motion.

Classes as determined by the Debtor upon review of its schedules (*i.e.*, Classes 2, 3, and 4), (b) the U.S. Trustee, and (c) any other necessary or appropriate agencies or representatives of the United States government at the locations required by Bankruptcy Rule 2002(j).

6.      For holders of claims in the Voting Classes as of the Voting Record Date who (1) did not receive a Solicitation Package in the Initial Solicitation or (2) filed a proof of claim in a different class, amount, or priority than listed in the Debtor's schedules, the Debtor will serve the Solicitation Package on those parties on a rolling basis as such proofs of claim are filed and complete such service no later than January 31, 2018.

7.      All creditors and notice parties will receive, by regular U.S. mail,[5] the Combined Hearing Notice.  A Solicitation Package, including the Plan and the Disclosure Statement, will not be provided to the holders of claims in Class 1 except upon express request to do so.

8.      The Plan and the Disclosure Statement will be available on the Debtor's restructuring website at http://www.kccllc.net/Lynnhill, where they can be reviewed without charge. Moreover, the Debtor will provide a copy of the Solicitation Package to any party upon written request to LynnhillInfo@kccllc.com or Lynnhill Ballot Processing Center, c/o KCC, 2335 Alaska Ave., El Segundo, CA 90245 or by calling: 877-725-7530 (Toll Free) or 424-236-7240 (international).

9.      The Debtor is excused from any requirement to re-serve a Solicitation Package to those entities for which the Debtor has only Undeliverable Addresses.  Failure to attempt to resend a Solicitation Package to entities for which the Debtor has only Undeliverable Addresses

---

[3] Or the first business day after this Order is entered if this Order is not entered on January 12, 2018.

[4] Or the first business day after this Order is entered if this Order is not entered on January 12, 2018.

[5]  To the extent the Debtor has an email address for a party, the Debtor is authorized to serve pleadings or notices contemplated in this Order via email as an additional, not replacement, method of service.

shall not constitute inadequate notice of the Objection Deadline, the Combined Hearing, the Voting Deadline or any other matter.

***Approval of Form of Ballots***

10.    The Ballots, substantially in the forms attached to the Motion as Exhibit B, including the instructions attached to each Ballot, are APPROVED in all respects.

***Voting Deadline***

11.    Pursuant to Bankruptcy Rules 3017(d) and 3018(a), January 31, 2018 at noon Eastern Time shall be the Voting Record Date.  Any holder of a Claim that (a) is not scheduled and (b) is not the subject of a proof of Claim filed by the Voting Record Date will not be treated as a Creditor with respect to such Claim for purposes of voting on or objecting to the Plan.

12.    With respect to any transferred claim, the transferee will be entitled to receive a Solicitation Package and cast a Ballot on account of such transferred claim only if: (a) all actions necessary to effect the transfer of the claim pursuant to Bankruptcy Rule 3001(e) have been completed prior to the Voting Record Date; or (b) the transferee files by the Voting Record Date (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer.

13.    To be counted as votes to accept or reject the Plan, all Ballots must be properly executed, completed and delivered to the Solicitation Agent by (a) electronic submission via the Debtor's website for this chapter 11 case at http://www.kccllc.net/Lynnhill; (b) regular mail (facilitated by a return envelope that the Debtor will provide with each Ballot); or (c) overnight courier so that, in each case, all Ballots are received by the Solicitation Agent no later than 5:00 p.m. Eastern Time on February 9, 2018 (the "Voting Deadline").  No Ballots may be

submitted by facsimile or email, and any Ballots submitted by facsimile or email will be neither accepted nor counted.

***Tabulation Rules***

14.     The Tabulation Rules, as set forth on Exhibit C to the Motion, are APPROVED in all respects, and the Debtor is authorized to apply them.

15.     The Debtor's rights pursuant to section 1126(e) of the Bankruptcy Code to request that the Court designate any Ballot or Ballots as not being cast in good faith are expressly preserved.

16.     Any claimant seeking to challenge the allowance of its claim for voting purposes in accordance with the Tabulation Rules must file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing such claim in a different amount for purposes of voting to accept or reject the Plan (a "Rule 3018 Motion") and serve such motion on the Debtor so that it is received on or before the Voting Deadline, with any response by the Debtor due on February 12, 2018.   Such motion shall, to the extent necessary, be heard at the Combined Hearing.  In accordance with Bankruptcy Rule 3018, any Ballot submitted by a creditor that files a Rule 3018 Motion shall be counted solely in accordance with the Debtor's proposed Tabulation Rules and the other applicable procedures contained herein unless and until the underlying claim is temporarily allowed by the Court for voting purposes in a different amount, after notice and a hearing.

17.     Notwithstanding Local Rule 3018-1, the Debtor or the Solicitation Agent shall file the Tally of Ballots by not later than 5:00 p.m. Eastern Time on February 12, 2018.

4817-0956-9625

*The Combined Hearing*

18.     The Combined Hearing shall be held before this Court, in Courtroom No. 3C, at the United States Courthouse, 6500 Cherrywood Lane, Suite 300, Greenbelt, MD 20770, on February 13, 2018, at [__]:[__] [_].m. Eastern Time.

19.     The Combined Hearing may be continued from time to time without further notice other than an order confirming the adjourned date at the Combined Hearing or any continued hearing.

20.     The Combined Hearing Notice in substantially the form attached to the Motion as Exhibit D is APPROVED.

21.     The Debtor shall publish the Publication Notice, substantially in the form attached to the Motion as Exhibit E, in the *Washington Post* as soon as practicable, but not later than five business days following entry of this Order.   The Debtor is further authorized—but not directed—to have the Publication Notice published in local and community newspapers to the extent the Debtor determines that applicable publishing deadlines and costs are reasonable.   The Publication Notice is APPROVED in all respects and shall be deemed good, adequate, and sufficient notice of the date of the Combined Hearing, Voting Record Date, Voting Deadline, Objection Deadline, and the deadlines to file proofs of claim in the Debtor's chapter 11 case by publication.

22.     Objections, if any, to the approval of the Disclosure Statement or confirmation of the Plan must: (a) be in writing; (b) state the name and address of the objecting party and the nature of the claim of such party; (c) state with particularity the basis and nature of such Objection (and, if practicable, a proposed modification to the Plan that would resolve such Objection); (d) conform to the Bankruptcy Rules, the Local Rules, and any orders of the Court;

and (e) be filed with the Court and served on the following parties so that they are received no later than **5:00 p.m. Eastern Time on February 9, 2018**:

    a.    counsel to the Debtor, Pillsbury Winthrop Shaw Pittman LLP, 1200 Seventeenth Street, NW, Washington, DC 20036, Attn: Patrick J. Potter;

    b.    the Office of the United States Trustee for Region 4, 6305 Ivy Lane, Suite 600, Greenbelt, MD 20770, Attn: Jeanne Crouse; and

    [c.    counsel to the Official Committee of Unsecured Creditors]

23.    The Debtor is permitted to file a brief in support of confirmation of the Plan and reply to any Objections, either separately or by a single, consolidated reply, by not later than 5:00 p.m. Eastern Time on February 12, 2018.

24.    Nothing in the Motion or this Order shall be deemed or construed as an admission as to the validity of priority of any claim or lien against the Debtor or any other party or as a waiver of such parties' rights to dispute any claim or lien.

25.    The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

26.    The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

**End of Order**

cc:    Patrick J. Potter
        Pillsbury Winthrop Shaw Pittman LLP
        1200 Seventeenth Street, NW
        Washington, DC 20036

        Dania Slim
        Pillsbury Winthrop Shaw Pittman LLP
        324 Royal Palm Way, Suite 220
        Palm Beach, FL 33480

Jason S. Sharp
Pillsbury Winthrop Shaw Pittman LLP
2 Houston Center
909 Fannin, Suite 2000
Houston, TX 77010-1028

William C. Johnson, Jr.
1310 L Street NW, Suite 750
Washington, DC 20005

Michael J. Lichtenstein
Shulman Rogers
12505 Park Potomac Avenue
Potomac, MD 20854

All Parties Requesting Notice