**Exhibit A**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**Greenbelt Division**

| | |
|---|---|
| In re:<br><br>THE CONDOMINIUM ASSOCIATION OF THE LYNNHILL CONDOMINIUM,<br><br>Debtor.[1] | Case No. 18-10334<br><br>Chapter 11 |

**ORDER GRANTING DEBTOR'S MOTION FOR AN ORDER (I) APPROVING AHH16 DEVELOPMENT, LLC AS "STALKING HORSE" BY APPROVING THE BREAK-UP FEE AND EXPENSE REIMBURSEMENT (II) APPROVING AUCTION AND BIDDING PROCEDURES AND <u>(III) GRANTING OTHER RELATED RELIEF</u>**

Upon the Debtor's motion for entry of an order approving AHH16 Development, LLC ("AHH") as "Stalking Horse" by approving the Break-Up Fee and Expense Reimbursement agreed to by the Debtor, approving auction and bidding procedures and granting other related relief (the "Motion");[2] the Court finding that (a) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28

---

[1] The Debtor's federal identification number is 52-0993760.
[2] Capitalized terms used but not defined in this Order have the meaning given such terms in the Motion or the Bidding Procedures, as applicable.

U.S.C. § 157(b)(2); (c) adequate notice of the Motion and the hearing thereon was given under the circumstances and that no other or further notice is necessary; and (d) the legal and factual bases set forth in the Motion and on the record establish just cause for the relief granted herein, and it appearing that the relief requested is in the best interest of the Debtor's estate, creditors and other parties-in-interest; and after due deliberation, and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is granted.

2. All Objections to the Motion and the relief granted herein that have not been withdrawn, waived, resolved or settled are hereby denied and overruled in their entirety.

3. The Bidding Procedures, as attached hereto as **Exhibit 1**, are approved. The Debtors are authorized to take any and all actions reasonably necessary or appropriate to implement the Bidding Procedures.

**The Bid Deadline**

4. For a potential bidder's bid to be considered to participate in the Auction, its bid package must be delivered, **so as to be actually received** on or before **February 16, 2018 at 5:00 p.m. EST** (the "Bid Deadline"), to Pillsbury Winthrop Shaw Pittman LLP, Attn: Patrick J. Potter (patrick.potter@pillsburylaw.com) 1200 Seventeenth Street, NW, Washington, DC 20036 **and** Attn: Dania Slim (dania.slim@pillsburylaw.com) 324 Royal Palm Way, Suite 220 Palm Beach, FL 33480.

5. For the avoidance of doubt, AHH shall constitute a Qualified Bidder and the PSA (as amended) shall constitute a Qualified Bid.

6. Further, Dragone shall also constitute a Qualified Bidder, bound to purchase the Property for $14.5 million (subject to a higher bid by Dragone at the Auction).

7. To constitute a Qualified Bid, all other bidders (other than AHH and Dragone) must offer at least $14,650,000 in cash consideration.

8. If AHH is going to compete at the Auction, then its first bid must exceed the Auction Baseline Bid by at least $150,000, taking into account its credit for the Break-Up Fee and Expense Reimbursement.

### Notice of the Sale and the Sale Hearing

9. Within three (3) business days after the entry of this Order (the "Mailing Date"), the Debtor shall serve notice of the this Order and the Bidding Procedures by first-class mail, postage prepaid, upon (a) all entities known to have expressed an interest to Transwestern (since its engagement on or about September 29, 2017) in purchasing the Property; (b) all entities known by the Debtor to have asserted a liens against the Property; (c) the parties included on the Debtor's list of twenty (20) largest unsecured creditors; (d) those parties who have filed the appropriate notice requesting notice of all pleadings filed in these cases; (e) the Attorney General of Maryland; and (g) the Office of the United States Trustee.

10. On the Mailing Date or as soon thereafter as practicable, the Debtor shall serve by first-class mail, postage prepaid, the *Notice of Auction*, substantially in the form attached hereto as **Exhibit 2**, upon all other known creditors of the Debtor.

11. The hearing to approve the sale of the Property shall be held on **February 27, 2018 at 10:00 a.m. EST**.

**The Auction**

12.     The Debtor is authorized to conduct an auction (the "Auction") of the Property. Notwithstanding anything to the contrary, the Debtor and its representatives, including Transwestern are authorized to take all appropriate measures to market the Property for purposes of generating Qualified Bids for the Auction.

13.     The Auction shall take place on **February 19, 2018 at 10:00 a.m. EST** at the offices of counsel for the Debtor, Pillsbury Winthrop Shaw Pittman LLP, 1200 Seventeenth Street NW, Washington, DC 20036.

14.     The Debtor is authorized, subject to the terms of this Order, to take actions reasonably necessary, in the discretion of the Debtor, to conduct and implement the Auction. The Debtor is also authorized to take all measures to provide additional notice or advertising of the Auction as the Debtor deems appropriate.

15.     The Debtor, AHH and any other Qualified Bidder, in each case, along with their representatives and counsel, or such other parties as the Debtor shall determine in its reasonable discretion, shall attend the Auction (such attendance to be in person) and only Qualified Bidders will be entitled to make any Bids at the Auction. The Debtor and its professionals shall direct and preside over the Auction and all bidding at the Auction shall be transcribed.

16.     AHH (in its capacity as a Qualified Bidder), and each Qualified Bidder participating in the Auction must confirm that it (a) has not engaged in any collusion with respect to the bidding or sale of any of the assets described herein, (b) has reviewed, understands and accepts the Bidding Procedures, and (c) has consented to the core jurisdiction of this Court and to the entry of a final order by this Court on any matter related to this Order, the Sale or the Auction.

17. The Debtor may (i) select, in its business judgment, pursuant to the Bidding Procedures, the highest or otherwise best offer and the Successful Bid and Back-Up Bid(s), and (ii) reject any bid that, in the Debtor's business judgment, is (a) inadequate or insufficient, (b) not in conformity with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules or the Bidding Procedures, or (c) contrary to the best interests of the Debtor and its estates, creditors, or parties-in-interest.

18. The Debtor may modify the Bidding Procedures and conduct of the Auction without further order of the Court, provided the modifications are reasonable and intended to maximize the value of the Debtor's estate.

19. The Debtor shall file notice of the identity of the Successful Bidder within twenty-four (24) hours of the conclusion of the Auction.

20. The failure to specifically include or reference any particular provision, section or article of the Bidding Procedures in this Order shall not diminish or impair the effectiveness or such procedures, it being the Court's intent to authorize and approve the Bidding Procedures in their entirety.

### **The Bid Protections**

21. Pursuant to Bankruptcy Code sections 105, 363 and 503, and Local Rule 6004-1(c), the Debtor's request to declare AHH as the stalking horse is granted, and the Break-Up Fee and the Expense Reimbursement are approved.

22. The Bid Procedures are hereby approved.

23. In the event the Debtor consummates a sale of the Property to a Successful Bidder other than AHH (an "Alternative Closing"), the Break-Up Fee and Expense Reimbursement shall be payable from the first cash proceeds of any Alternative Closing.

4836-7683-5418.v4

**Related Relief**

24. The Debtor is hereby authorized and empowered to take such actions as may be reasonably necessary to implement and effect the terms and requirements established in this Order.

25. This Order shall constitute findings of fact and conclusions of law and shall take effect immediately upon execution hereof.

26. This Order shall be binding on the Debtor, including any chapter 7 or chapter 11 trustee or other fiduciary appointed for the Debtor's estate.

27. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h) and 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

28. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order, including, but not limited to, any matter, claim or dispute arising from or relating to the Bidding Procedures and the implementation of this Order.

cc:	Patrick J. Potter
	Pillsbury Winthrop Shaw Pittman LLP
	1200 Seventeenth Street, NW
	Washington, DC 20036

	Dania Slim
	Pillsbury Winthrop Shaw Pittman LLP
	324 Royal Palm Way, Suite 220
	Palm Beach, FL 33480

	Jason S. Sharp
	Pillsbury Winthrop Shaw Pittman LLP
	2 Houston Center
	909 Fannin, Suite 2000
	Houston, TX 77010-1028

4836-7683-5418.v4

William C. Johnson, Jr.
1310 L Street NW, Suite 750
Washington, DC 20005

Michael J. Lichtenstein
Shulman Rogers
12505 Park Potomac Avenue
Potomac, MD 20854

Jeanne M. Crouse
Office of the United States Trustee
6305 Ivy Lane, Suite 600
Greenbelt, MD 20770

All Parties Requesting Notice

**End of Order**

**Exhibit 1**

**Bidding Procedures**

These are the bidding procedures (the "Bidding Procedures")[1] that will be used in connection with an auction (the "Auction") and sale (the "Sale") of the property located at 3103 and 3107 Good Hope Avenue, Temple Hills, Maryland 20748 (the "Property") in the chapter 11 proceeding of the Condominium Association of the Lynnhill Condominium (the "Debtor"), pending in the U.S. Bankruptcy Court for the District of Maryland (the "Bankruptcy Court").

The Property and the terms and conditions upon which the Debtor contemplates consummating the Sale of the Property are further described in that certain Purchase and Sale Agreement (as amended, the "PSA"), by and between the Debtor and AHH16 Development, LLC ("AHH"), together with the *Joint Chapter 11 Plan of (I) The Condominium Association of the Lynnhill Condominium, and (II) AHH16 Development, LLC, dated as of January 10, 2018* [Doc. 65, Ex. A] (the "Plan").

On January [31], 2018 the Bankruptcy Court entered an order [Doc. __] (the "Bidding Procedures Order"), which, among other things, authorized the Debtor to determine the highest and best offer for the Property through the process and procedures set forth herein (the "Bidding Procedures").

A copy of the PSA is attached as Exhibit 2 to the Debtor's disclosure statement [Doc. 27] and a copy of the *First Amendment to Purchase and Sale Agreement* between the Debtor and AHH is attached as Exhibit A to Doc. 92, both of which are available at the website established for this case at: http://www.kccllc.net/lynnhill. Word versions of the PSA will be made available upon written e-mail request to Debtor's counsel.

**Property to be Sold**

Except as otherwise provided in the PSA or a Modified PSA (as defined below) submitted by a Successful Bidder (as defined below) (including any exhibits or schedules thereto) all right, title and interest in and to the Property shall be sold free and clear of, among other things, any and all pledges, liens, security interests, encumbrances, claims, charges, options and interests thereon (collectively, the "Interests") to the maximum extent permitted by section 363 of the Bankruptcy Code, with such Interests to attach to the net proceeds of the Sale of the Property with the same validity and priority as such Interests applied against the Property, subject in each case to the terms of the Plan or the order confirming the Plan (the "Confirmation Order").

The PSA provides that AHH will acquire the Property for $13,450,000, minus a credit for all amounts advanced and accrued under the DIP Loan and a $1 million credit for certain life, health, and safety requirements of the County (the "Purchase Price").

After the Auction, the Debtor will seek approval of the sale transaction to the Qualified Bidder (defined below) that the Debtor determines has made the highest and best offer (the

---

[1] All capitalized terms not defined herein shall have the meaning given such terms in the Motion.

"Successful Bidder") in connection with confirmation of the Plan.  The form Confirmation Order can be found at Doc. 65, Ex. C, and the Successful Bidder will be identified as the Purchaser in the Confirmation Order.

### The Bidding Process

Pursuant to the terms hereof, the Debtor and its advisors shall (i) determine whether any person is a Qualified Bidder, (ii) receive offers from bidders, and (iii) negotiate any offers made to acquire the Property (collectively, the "Bidding Process").

### Key Dates for Potential Competing Bidders

The Bidding Procedures provide interested bidders with the opportunity to qualify for and participate in an Auction to be conducted by the Debtor and to submit competing bids for the Property.  The Debtor shall accept Bids (as defined below) until **February 16, 2018 at 5:00 p.m. EST** (the "Bid Deadline").

The key dates for the sale process are as follows:

| Date | Event/Deadline |
| --- | --- |
| February 16, 2018 at 5:00 p.m. EST | Bid Deadline - Due Date for Bids and Deposits |
| February 19, 2018 at 10:00 a.m. EST | Auction |
| February 27, 2018 at 10:00 a.m. EST | Approval of Sale Pursuant to the Plan |

### Participation Requirements

To participate in the Bidding Process, each party that intends to submit a bid (a "Potential Bidder") must deliver to the Debtor written evidence of the Qualified Bidder's financial and other ability to consummate the sale transaction (and provide replacement DIP financing if necessary) satisfactory to the Debtor and its advisors.

A "Qualified Bidder" is a Potential Bidder that timely delivers the document(s) described above, whose financial information demonstrates the Potential Bidder's financial capability to consummate the Sale, and that the Debtor determines is reasonably likely (based on availability of experience and other considerations) to be able to consummate the Sale if selected as the Successful Bidder.

As soon as reasonably practicable after a Potential Bidder delivers the documents described above, the Debtor shall determine, and shall notify the Potential Bidder, if such Potential Bidder is a Qualified Bidder.  For avoidance of doubt, the Debtor has determined that AHH and Dragone are Qualified Bidders.  **Only Qualified Bidders will be permitted to attend and participate in the Auction.  Bids not constituting Qualified Bids will be disregarded.**

2

**Due Diligence**

There is no due diligence period.  Any bid containing a diligence period will be disqualified automatically and conclusively determined to not be a Qualified Bid.

**Bid Deadline**

For a Potential Bidder to be eligible to participate in the Auction, its bid must be delivered, **so as to be actually received** on or before **February 16, 2018 at 5:00 p.m. EST** (the "Bid Deadline"), to the Debtor's counsel, Pillsbury Winthrop Shaw Pittman LLP, 1200 Seventeenth Street NW, Washington, DC 20036 (Attn: Patrick Potter, patrick.potter@pillsburylaw.com) **and** 324 Royal Palm Way, Suite 220, Palm Beach, FL 33480 (Attn: Dania Slim, dania.slim@pillsburylaw.com).

**Bid Requirements**

To be eligible to participate in the Auction, each bid must include the following documents (the "Required Bid Documents") and satisfy the following requirements (the "Bid Requirements"), all of which shall be re-affirmed in a signed writing in the bid package and/or cover letter from the submitting bidder:

    A.    <u>Executed Agreement</u>: Each bid must be presented in the form of the PSA, as revised by the bidder, and must include executed transaction documents (a "Modified PSA") that provide for (i) a minimum purchase price for the Property of not less than $14,650,000, all of which must be cash consideration and (ii) a commitment to immediately replace the existing DIP Loan (on existing terms and documents) if AHH calls the DIP Loan in accordance with the terms of the DIP Loan, which may occur prior to the hearing to consider confirmation of the Plan on February 27, 2018.

    B.    A bid must also include a copy of the Modified PSA marked to show modifications to the PSA.  Each Modified PSA must provide a commitment to close within fifteen (15) calendar days from entry of the Confirmation Order.

    C.    <u>Corporate Authority</u>: A bid must include written evidence demonstrating appropriate corporate authorization to consummate the Modified PS; *provided* that, if the bidder is an entity specially formed for the purpose of effectuating the Modified PSA, then the bidder must furnish written evidence reasonably acceptable to the Debtor of the approval of the Modified PSA by the equity holder(s) of such bidder.

    D.    <u>Disclosure of Identity of Bidder</u>: A bid must fully disclose the identity and contact information of the entity bidding for the Property.

    E.    <u>Contingencies</u>: Any bid with contingencies other than those that may be contained in the PSA shall be disqualified, and the party submitting the same will not be qualified as a Qualified Bidder.

      F.    <u>Irrevocable</u>: Each bid must be irrevocable until the Sale Hearing (defined below); *provided*, *further*, that the Successful Bid and all Back-Up Bids (defined below) shall remain open and shall be irrevocable until the earlier of a closing on a sale of the Property and March 25, 2018 (and must close on 5 business days' notice if selected as the Back-Up Bidder(s)).

      G.    <u>Compliance with Information Requests</u>.  The bidder must comply with reasonable requests for additional information from the Debtor.

      H.    <u>Termination Fees</u>.  The bid must not entitle the bidder to any break-up fee, termination fee or similar type of payment or reimbursement

      I.    <u>Good Faith Deposit</u>:  Each bid must be accompanied by a $250,000.00 deposit, with in an escrow agent as set forth in the PSA (the "Good Faith Deposit").

      J.    <u>Proof of Financial Ability to Perform</u>: The bidder shall provide written evidence of the bidder's ability to consummate the sale transaction (and provide replacement DIP financing if necessary).

A bid from a bidder other than AHH and Dragone will be considered to be a qualified bid (a "Qualified Bid") only if the bid is received before the Bid Deadline, includes all of the Required Bid Documents, satisfies the Bid Requirements, and acknowledges and represents that the bidder (i) has relied solely on its own independent review, investigation, and inspection of any documents and the Property in making its bid, and (ii) did not rely on any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding the Property, or the completeness of any information provided in connection therewith or the Auction.

The Debtor shall inform counsel to AHH, Dragone, and any other Qualified Bidder whether the Debtor will consider any bid to be a Qualified Bid no later than two (2) days (to the extent practicable) before the Auction.  The Debtor shall further provide at that time a copy of all Qualified Bids (if any) to counsel to AHH, Dragone, and all Qualified Bidders (if any).

**Auction**

The Debtor shall commence the Auction on February 19, 2018, to determine the highest or otherwise best bid for the Property.  In evaluating bids, the Debtor shall take into account any factors the Debtor reasonably deems relevant to the value of the Qualified Bid to the estate and may include, but are not limited to, the following:  (a) the amount and nature of the consideration; (b) the number, type and nature of any changes to the PSA requested by each bidder; (c) the extent to which such modifications are likely to delay closing of the sale of the Property and the cost to the Debtor of such modifications or delay; (d) the total consideration to be received by the Debtor; (e) the likelihood of the bidder's ability to close a transaction and the timing thereof; (f) the net benefit to the Debtor's estate; and (g) any other qualitative or quantitative factor the Debtor deems reasonably appropriate under the circumstances (collectively, the "Bid Assessment Criteria").

The Auction shall commence at **10:00 a.m.** (EST) on **February 19, 2018** at the offices of Pillsbury Winthrop Shaw Pittman LLP, 1200 Seventeenth Street, NW, Washington, DC 20036.

Only the Debtor, AHH, Dragone and all bidders who have submitted a Qualified Bid are eligible to attend the Auction (such attendance to be in person). The Auction will not be open to anyone else.

The Debtor and its professionals shall direct and preside over the Auction, and the bidding at the Auction shall be transcribed. Other than as expressly set forth herein, the Debtor may conduct the Auction in the manner it reasonably determines will result in the highest or otherwise best offer for the Property.

The highest or otherwise best Qualified Bid as of the Bid Deadline shall be the "Auction Baseline Bid" (unless the only Qualified Bidders are AHH and Dragone, and in such case, then Dragone's $14,500,000 offer [Doc. 75, Ex. A] shall be the Auction Baseline Bid, unless AHH has topped said Dragone bid prior to the Auction). At the start of the Auction, the Debtor shall identify the Auction Baseline Bid.

Each Qualified Bidder participating in the Auction must confirm (and in any event shall be deemed to have confirmed) that it (a) has not engaged in any collusion with respect to the bidding or sale of any of the assets described herein, (b) has reviewed, understands and accepts the Bidding Procedures and (c) has consented to the core jurisdiction of the Bankruptcy Court.

During the Auction, bidding shall begin initially with the Auction Baseline Bid. Any overbid (an "Overbid") must provide cash consideration of at least **$150,000** higher than the previous bid. Also, any overbid must include, in addition to the amount and the form of consideration of the Overbid, a description of any new changes requested at the Auction by the Qualified Bidder to the PSA or Modified PSA, as the case may be, in connection therewith. Any Overbid must remain open and binding against the Qualified Bidder until the conclusion of the Auction (or March 25 if it constitutes the Successful Bid or the Back-Up Bid).

The Debtor shall announce at the Auction the total amount of consideration offered in each Overbid, and such other terms as the Debtor reasonably determines will facilitate the Auction.

The Auction shall continue until there is only one offer that the Debtor determines, in its business judgment and subject to court approval, is the highest and otherwise best offer from among the bids submitted at the Auction (the "Successful Bid"). In making this decision, the Debtor may consider, among other things, the amount of the purchase price, the net benefit to the Debtor's estate, the form of consideration being offered, the likelihood of the bidder's ability to close a transaction and the timing thereof and the number, and the type and nature of any changes to the PSA. The Qualified Bidder submitting the Successful Bid (as determine by the Debtor under these procedures) shall become the "Successful Bidder."

Promptly following the Debtor's selection of the Successful Bid and the conclusion of the Auction, the Debtor shall announce the Successful Bid and Successful Bidder and shall file with the Bankruptcy Court notice of the Successful Bid and Successful Bidder within twenty four (24) hours of the conclusion of the Auction.

**Break-Up Fee and Expense Reimbursement Amount**

To provide AHH with an incentive to participate in a competitive process and to compensate AHH for (i) expeditiously performing substantial due diligence and incurring the expenses related thereto and (ii) entering into the PSA with the knowledge and risk that arise from participating in the sale and subsequent bidding process, the Debtor has agreed to pay AHH the Break-Up Fee (in the amount of $600,000) plus the aggregate amount of all reasonable and documented out of pocket expenses and fees incurred by AHH in connection with the transactions with the Debtor, including reasonable legal and other professional expenses of not more than $200,000 in the event that the PSA is terminated pursuant its provisions (the "Expense Reimbursement").

The Break-Up Fee and Expense Reimbursement were material inducements for, and a condition of, AHH's entry into the PSA, agreeing to provide DIP financing, and becoming a co-plan sponsor. The Break-Up Fee and Expense Reimbursement shall be payable as set forth herein and the Bid Procedures Order (*i.e.,* from the first proceeds of sale of the Property to anyone else).

**Back-Up Bidder**

Notwithstanding anything in the Bidding Procedures to the contrary, if an Auction is conducted, the Debtor may select one or more Qualified Bidders submitting the next highest or otherwise best bid(s) (in descending order) at the Auction, as determined by the Debtor, in the exercise of its business judgment, which bidders will be designated as the back-up bidder(s) (each a "Back-Up Bidder"). Each Back-Up Bidder shall be required to keep its initial bid (or if a Back-Up Bidder submitted one or more Overbids at the Auction, such Back-Up Bidder's final Overbid) (a "Back-Up Bid") open and irrevocable until the earlier of a closing on a Sale of the Property to a different buyer, and March 25, 2018 (and must close on 5 business days' notice if selected as the Back-Up Bidder(s)).

Following the Sale Hearing, if the Successful Bidder fails to consummate the Sale, the next highest Back-Up Bidder will be deemed to be the new Successful Bidder, and the Debtor will be authorized, without further order of the Bankruptcy Court, to consummate the transaction with such Back-Up Bidder.

**Combined Hearing**

The hearing to approve the Sale will be held on **February 27, 2018 at 10:00 a.m. EST** in connection with confirmation of the Plan (the "Combined Hearing") at the Bankruptcy Court, but may be adjourned or rescheduled without further notice by an announcement of the adjourned date at the Combined Hearing or as directed by the Bankruptcy Court. At the Combined Hearing, the Debtor shall seek entry of an order, authorizing and approving the Sale to the Successful Bidder, and, as may be warranted or required, the Back-Up Bidders.

Following the Combined Hearing, in the event that the approved sale is not consummated, the Debtor may seek to consummate a sale to one of the Back-Up Bidders (in descending order), as disclosed at the Combined Hearing; and, in such event, the next highest Back-Up Bidder shall be deemed to be the Successful Bidder. The Debtor shall be authorized,

6

but not required, to consummate the sale with Back-Up Bidders (in descending order) without further notice or order of the Bankruptcy Court.

### Return of Good Faith Deposit

The Debtor shall refund to those bidders who are neither the Successful Bidder nor a Back-Up Bidder the Good Faith Deposit received from such bidders within five (5) business days after the Sale Hearing. The Good Faith Deposits of the bidders who have submitted the Successful Bid or a Back-Up Bid shall be held until the later of a closing on a Sale of the Property and March 25, 2018, as the case may be. The Debtor is under no obligation to earn interest on any Good Faith Deposit.

### Forfeiture of Good Faith Deposit

If a Successful Bidder fails to consummate an approved sale because of a breach or failure to perform on the part of such Successful Bidder, the Debtor shall have no obligation to return the Good Faith Deposit to such Successful Bidder, and such Good Faith Deposit shall irrevocably become property of the Debtor, notwithstanding the consummation of any sale transaction with another Qualified Bidder.

### Reservation of Rights of the Debtor

Except as otherwise provided in the Bidding Procedures or the Bidding Procedures Order, the Debtor further reserves the right to: (a) determine which bidders are Qualified Bidders; (b) determine which bids are Qualified Bids; (c) determine which Qualified Bid is the highest or best proposal and which is the next highest or best proposal; (d) reject any Bid that is (1) inadequate or insufficient, (2) not in conformity with the requirements of the Bidding Procedures or the requirements of the Bankruptcy Code or (3) contrary to the best interests of the Debtor and its estate; (e) waive terms and conditions set forth herein with respect to all potential bidders; (f) impose additional terms and conditions with respect to all potential bidders; (g) extend the deadlines set forth herein; (h) continue or cancel the Auction and/or Sale Hearing in open court without further notice; and (i) modify the Bidding Procedures and implement additional procedural rules that the Debtor determines, in its reasonable business judgment, will better promote the goals of the bidding process and discharge the Debtor's fiduciary duties and are not inconsistent with any Bankruptcy Court order or these Bidding Procedures.

**Exhibit 2**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

In re:

THE CONDOMINIUM ASSOCIATION OF THE LYNNHILL CONDOMINIUM,

Debtor.[1]

Case No. 18-10334

Chapter 11

## NOTICE OF AUCTION

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. On January 10, 2018, the above-captioned debtor and debtor in possession (the "Debtor"), filed a voluntary petition for relief under chapter 11 of the U.S. Bankruptcy Code in the U.S. Bankruptcy Court for the District of Maryland (the "Bankruptcy Court").

2. The Debtor is an unincorporated condominium association owning and controlling certain real estate, amenities and improvements (including residential units) located at 3103 and 3107 Good Hope Avenue, Temple Hills, Maryland 20748 (the "Property").

3. On January 10, 2018, the Debtor filed a motion seeking entry of an order (the "Bidding Procedures Order") (i) approving AHH16 Development, LLC ("AHH") as "Stalking Horse" by approving the break-up fee and expense reimbursement agreed to by the Debtor, (ii) approving auction and bidding procedures (the "Bidding Procedures") and (iii) granting related relief in connection with the sale of the Property.[2]  Doc. __.

4. On January [31], 2018, the Bankruptcy Court entered the Bidding Procedures Order.  Doc.__.  Pursuant to the Bidding Procedures Order,[3] the Debtor will commence an auction for the sale of the Property (the "Auction") beginning on **February 19, 2018 at 10:00 a.m. (EST)** at the offices of Pillsbury Winthrop Shaw Pittman LLP, 1200 Seventeenth Street, NW Washington, DC 20036.  Parties that submit a Qualified Bid in accordance with the Bidding Procedures Order by no later than **February 16, 2018 at 5:00 p.m. (EST)** (the "Bid Deadline"), and AHH (who is deemed a Qualified Bidder without submitting any new bid prior to the Bid Deadline) may participate at the Auction.  Anyone (other than AHH and Dragone Realty LLC)

---

[1] The Debtor's federal identification number is 52-0993760.

[2] To the extent that Local Rule 6004-1 applies to the sale of the Property, the Debtor notes that it listed the Property on Schedule A/B as having a value of $0.00.  Doc. 22.  AHH, the stalking horse bidder, does not have any relationship with the Debtor or any other parties in interest in this case.  AHH and the Debtor have agreed to a purchase price of $13,450,000, minus (i) a credit for all amounts advanced and accrued under the postpetition loan to the Debtor and (ii) a $1 million credit for satisfying life, health, and safety requirements of the County.

wishing to participate in this process and submit an offer for the Property must submit their competing bid prior to the Bid Deadline and in accordance with the Bidding Procedures.

5.  A hearing to approve the sale of the Property to the successful bidder in accordance with the Debtor's chapter 11 plan will be held on **February 27, 2018 at 10:00 a.m. (EST)** (the "Confirmation Hearing").  The Confirmation Hearing will be held before the Honorable Wendelin I. Lipp, in the U.S. Bankruptcy Court for the District of Maryland, Courtroom 3-C, 6500 Cherrywood Lane, Greenbelt, MD 20770.  The Confirmation Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Confirmation Hearing.

6.  Objections, if any, to the sale of the Property, must: (a) be in writing; (b) comply with the Bankruptcy Rules and Local Bankruptcy Rules; and (c) be filed with the clerk of the Bankruptcy Court for the District of Maryland, Courtroom 3-C, 6500 Cherrywood Lane, Greenbelt, MD 20770, on or before **February 20, 2016 at 4:00 p.m. (prevailing Eastern time)**; and be served upon: (1) Debtor's counsel, Pillsbury Winthrop Shaw Pittman LLP, 1200 Seventeenth Street NW, Washington, DC 20036 (Attn: Patrick Potter, patrick.potter@pillsburylaw.com) and 324 Royal Palm Way, Suite 220, Palm Beach, FL 33480 (Attn: Dania Slim, dania.slim@pillsburylaw.com); (b) counsel to AHH, Shulman, Rogers, Gandal, Pordy & Ecker, P.A., 12505 Park Potomac Avenue, 6th Floor, Potomac, MD 20854 (Attn: Michael J. Lichtenstein, Esq., mlichtenstein@shulmanrogers.com); and (c) the Office of the U.S. Trustee for the District of Maryland, 6305 Ivy Lane, Suite 600, Greenbelt, MD 20770 (Attn: Jeanne M. Crouse, Esq., jeanne.m.crouse@usdoj.gov).

7.  The dates relevant to the auction and sale include:

| Date | Event/Deadline |
|---|---|
| February 16, 2018 at 5:00 p.m. EST | Deadline for Bids and Deposits (Bid Deadline) |
| February 19, 2018 at 10:00 a.m. EST | Auction |
| February 20, 2018 at 4:00 p.m. EST | Objection Deadline |
| February 27, 2018 at 10:00 a.m. EST | Approval of Sale Pursuant to Chapter 11 Plan |

8.  This Notice is subject to the fuller terms and conditions of the Bid Procedures and the Bidding Procedures Order, which shall control in the event of any conflict.  The Debtor encourages parties in interest to review these and other pertinent documents in their entirety. Parties interested in receiving more information regarding the sale of the Property or copies of any related document, including the Purchase and Sale Agreement, the Bid Procedures, or the Bidding Procedures Order, may make a written request to counsel for the Debtor, Pillsbury Winthrop Shaw Pittman LLP, 1200 Seventeenth Street NW, Washington, DC 20036 (Attn: Patrick Potter, patrick.potter@pillsburylaw.com) and 324 Royal Palm Way, Suite 220, Palm Beach, FL 33480 (Attn: Dania Slim, dania.slim@pillsburylaw.com).  In addition, copies of the Bid Procedures, the Bidding Procedures Order and this Notice can be found on

(i) www.kccllc.net/lynnhill; and (ii) are on file with the Clerk of the Bankruptcy Court at 6500 Cherrywood Lane, Greenbelt, Maryland 207701.

Dated:  January 23, 2018

Respectfully submitted,

Pillsbury Winthrop Shaw Pittman LLP

*/s/ Patrick Potter*
Patrick J. Potter (Bar No. 08445)
1200 Seventeenth Street, NW
Washington, DC 20036
Tel (202) 663-8928
Fax (202) 663-8007
E-mail:  patrick.potter@pillsburylaw.com

Dania Slim (Bar No. 18050)
324 Royal Palm Way, Suite 220
Palm Beach, FL 33480
Tel (202) 663-9240
Fax (202) 663-8007
E-mail:  dania.slim@pillsburylaw.com

Jason Sharp (admitted *pro hac vice*)
2 Houston Center
909 Fannin, Suite 2000
Houston, TX 77010-1028
Tel (713) 276-7600
Fax (713) 276-7673
Email:  jason.sharp@pillsburylaw.com

*Proposed Counsel for the Debtor*

3

4817-0846-2938.v3