UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

GREENBELT DIVISION

| | |
|---|---|
| In re: )<br>)<br>THE CONDOMINIUM ASSOCIATION OF THE )<br>LYNNHILL CONDOMINIUM, )<br>)<br>Debtor, )<br>)<br>) | Case No. 18-10334<br><br>Chapter 11 |

**LIMITED OBJECTION OF DRAGONE REALTY, LLC TO
MOTION FOR APPROVAL OF AUCTION AND BIDDING PROCEDURES**

Dragone Realty, LLC ("Dragone"), by and through its undersigned attorneys, hereby submits this limited objection to Debtor's *Motion For An Order (I) Approving AHH16 Development, LLC as "Stalking Horse" by Approving the Break-Up Fee and Expense Reimbursement (II) Approving Auction and Bidding Procedures and (III) Granting Other Related Relief* [Doc. No. 93] (the "Motion"),[1] and respectfully states as follows:

1. Dragone appreciates that the Debtor has recognized the seriousness of Dragone's intentions with respect to the Property and is seeking approval of auction and bidding procedures. To be clear, Dragone supports the Debtor's request to conduct an auction, and is ready and willing to participate in the auction. Dragone's affiliates, directly and indirectly, own thousands of rental apartment units in the very vicinity of the Property. Its principal, Vito Dragone III, has been an owner of multifamily real estate in Prince George's County for more than 10 years, transacting in more than $400 million in multifamily assets that typically call for a

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to such terms in the Motion.

renovation program (similar to the Property).[2] However, in its capacity as a creditor in this case,[3] Dragone objects to the relief requested to the extent that it seeks approval of the Proposed AHH Bid Protections (as defined below) in the amount of $800,000.

2. As noted in the Motion, Dragone submitted an initial bid to the Debtor on January 16, 2018 in the amount of $14,200,000 – $1,000,000 above the purchase price of $13,200,000 set forth in the bid of AHH (the "Initial AHH Bid") - and shortly thereafter increased that bid to $14,250,000 (the "Initial Dragone Bid"). Debtor's counsel subsequently informed Dragone that AHH had increased its offer to $13,450,000, which in the Debtor's view matched the Initial Dragone Bid. Debtor's counsel took this position due to the provisions in the AHH purchase agreement providing for a Break-Up Fee of $600,000 and an Expense Reimbursement of $200,000 (the "Proposed AHH Bid Protections"), notwithstanding that such provisions had not been presented to the Court in a motion, much less approved.

3. To avoid an unnecessary debate regarding the propriety of the manner in which the Debtor was evaluating the offers it was receiving from Dragone and AHH, Dragone revised its bid for the Property. On January 19, 2018 Dragone filed its *Response of Dragone Realty, LLC to Debtor's Notice of Post-Petition Written Offers and Notice Of Revised Bid Post-Petition Written Offers and Notice Of Revised Bid* [Doc. No. 75], in which it set forth a revised bid, stating that Dragone would pay for the Property "the lesser of (i) $14,500,000, and (ii) such amount as may be determined by the Court as constituting a Qualified Bid with respect to the Property".

---

[2]     *See* http://www.dragonerealty.com/ for further information.

[3]     Dragone has acquired the claim of James Vito, Inc., dba Vito Plumbing. *See* Docs. No. 97, 120.

4. Dragone takes no position as to whether the facts of this case warrant the approval of a break-up fee and expense reimbursement in favor of AHH.[4] However, if a break-up fee and expense reimbursement are to be approved here, Dragone respectfully submits that it should not be in an amount that is double what is customarily seen in chapter 11 cases of this nature. Dragone notes (and the Debtor acknowledges in the Motion) that the Proposed AHH Bid Protections are substantially higher than the range of 2%-3% of purchase price that is typically permitted in bankruptcy sales. Break-up fees in such range have been approved in recent cases involving sales of similar size in this district.[5] In contrast, the combined Break-Up Fee and Expense Reimbursement of $800,000 is more than 6% of the Initial AHH Bid.

---

[4] *See In re Lamb*, 2002 WL 31508913 (Bankr. D. Md. 2002) (rejecting business rule as test for determining the propriety of a break-up fee and expense reimbursement request, and holding "that the determination of whether break-up fees or expenses should be allowed under 11 U.S.C. § 503(b) must be made in reference to general administrative expense jurisprudence." (*citing In re O'Brien Environmental Energy, Inc.*, 181 F.3d 527 (3d Cir. 1999)).

[5] *See, e.g., In re 1401 Battery Avenue, LLC*, Case No. 15-12261-RAG (purchase price - $1.8 million, break-up fee - $50,000 (**2.8%**)); *In re Baia, LLC*, Case No. 16-26941-DER (purchase price $9,547,500, break-up fee $286,425 (**3%**)); *In re Kent Manor Inn, LLC*, Case No. 16-18048-TJC (purchase price - $4 million, break-up fee - $50,000 (**1.25%**)).

5.  Dragone, therefore, respectfully requests that, in the event that the Court determines that AHH is entitled to bid protections, such bid protections should not exceed 2%-3% in the aggregate of the purchase price set forth in the Initial AHH Bid.

Dated:  January 29, 2018

Respectfully submitted,

KELLEY DRYE & WARREN LLP

By: _____

Ira Kasdan
Bezalel Stern
Washington Harbour, Suite 400
3050 K Street, NW
Washington, DC 20007
Telephone: (202) 342-8400
Facsimile: (202) 342-8451

James S. Carr
Benjamin D. Feder
101 Park Avenue
New York, New York  10178
Telephone:  (212) 808-7800
Facsimile:  (212) 808-7897

*Counsel for Dragone Realty, LLC*