

Wendelin I. Lipp
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
### Greenbelt Division

| | |
|---|---|
| In re:<br><br>THE CONDOMINIUM ASSOCIATION OF THE LYNNHILL CONDOMINIUM,<br><br>Debtor.[1] | Case No. 18-10334<br><br>Chapter 11 |

### CONSENT ORDER RESOLVING THE
### LIMITED OBJECTION OF DRAGONE REALTY, LLC TO
### MOTION FOR APPROVAL OF AUCTION AND BIDDING PROCEDURES

The matter came before this Court for consideration of: (A) the *Debtor's Motion for an Order (I) Approving AHH16 Development, LLC as "Stalking Horse" By Approving the Break-Up Fee and Expense Reimbursement, (II) Approving Auction and Bidding Procedures and (III) Granting Related Relief* [Doc. 93] (the "<u>Motion</u>")[2] and (B) the *Limited Objection of Dragone Realty, LLC to Motion for Approval of Auction and Bidding Procedures* [Doc. 130] (the

---

[1] The Debtor's federal identification number is 52-0993760.

[2] Capitalized terms used herein but not defined have the meaning given such terms in the Motion or the "Bidding Procedures" [Doc. 143, Ex. 1], as applicable.

"Limited Objection"). For the reasons stated on the record at the hearing held on January 31, 2018, and as stipulated by the parties hereto, it shall be and hereby is ORDERED:

1. The Limited Objection is withdrawn by Dragone in light of the resolution placed on the record and set forth in this order (this "Consent Order").

2. For purposes of the Bidding Procedures, Dragone shall become a Qualified Bidder and the Dragone PSA (defined below) shall become a Qualified Bid, upon satisfaction of the requirements set forth in Paragraph 4 of this Consent Order. In the absence of a higher and better Qualified Bid received by the Debtor by the Bid Deadline (defined below), the purchase price of $14,500,000.00 (the "Dragone Purchase Price") set forth in the Purchase and Sale Agreement attached as Exhibit A to the *Notice of Further Revised Bid of Dragone Realty, LLC* [Doc. 132] (the "Dragone PSA") shall, subject to Dragone's satisfaction of Paragraph 4 of this Consent Order, be the Auction Baseline Bid in accordance with the Bidding Procedures, subject to the conditions of this Consent Order.

3. Dragone and Kelley Drye & Warren LLP ("Kelley Drye") have confirmed that Kelley Drye presently holds $250,000.00 as the initial deposit under the Dragone PSA (the "Initial Dragone Deposit"). Kelley Drye shall provide written evidence of such deposit to Debtor's counsel by Friday, February 9, 2018. Kelley Drye shall continue to hold the Initial Dragone Deposit until paid or transferred as provided in this Consent Order or in another order of this Court.

4. On or before **February 16, 2018 at 5:00 p.m. EST** (the "Bid Deadline"), Dragone shall deliver to Madison Title Agency, LLC (the "Escrow Agent") the sum of $1,200,000.00 (the "Second Dragone Deposit"), and upon receiving written confirmation from the Escrow Agent of the Escrow Agent's receipt of the Second Dragone Deposit, Kelley Drye

4838-7682-9019.v9

shall transfer the Initial Dragone Deposit to the Escrow Agent, thereby increasing the total deposit under the Dragone PSA to $1,450,000.00 (the "Dragone Deposit").  The Dragone Deposit shall constitute the "Deposit" under the Dragone PSA (with such amount superseding the defined amount of the Deposit of $250,000.00 in the Dragone PSA) and shall constitute a Good Faith Deposit in accordance with the Bidding Procedures.  In addition, Dragone hereby agrees that (i) notwithstanding anything to the contrary in the Dragone PSA, there are no contingencies in the Dragone PSA other than the contigencies in the PSA; (ii) its bid under the Dragone PSA is irrevocable until the Combined Hearing, and if the Dragone PSA is selected as either the Successful Bid or a Back-Up Bid, then its bid under the Dragone PSA will remain irrevocable until the earlier of the closing on the Sale of the Property and March 25, 2018 (and Dragone will close on the purchase of the Property as provided in the Dragone PSA and this Consent Order within five (5) business days' notice if Dragone's bid under the Dragone PSA is selected as a Back-Up Bid); (iii) Dragone will comply with reasonable requests for additional information from the Debtor; and (iv) notwithstanding anything to the contrary in the Dragone PSA, Dragone is not entitled to any break-up fee, termination fee or similar type of payment or reimbursement under the Dragone PSA.  Moreover, by the Bid Deadline, Dragone shall deliver to the Debtor (i) commercially reasonable evidence of its ability to consummate the Sale and (ii) information regarding corporate authority and identity disclosure as required under items (C) and (D) of the Bid Requirements under the Bidding Procedures.

     5.     Nothwithstanding anything to the contrary in the Dragone PSA or this Consent Order, if Dragone fails to comply with any of the requirements set forth in Paragraph 4 of this Consent Order as and when provided above, then the Debtor is hereby authorized, but not directed, to do any one or more of the following: (i) determine that the Dragone PSA is not the

Auction Baseline Bid or a Qualified Bid and that Dragone is not a Qualified Bidder, (ii) cancel the Auction (if no other Qualified Bidder has submitted a Qualified Bid to the Debtor before the Bid Deadline), and (iii) direct Kelley Drye to pay the Initial Dragone Deposit to the Debtor, without the need for further order of this Court; upon such direction, if Kelley Drye has not received written confirmation (and proof) from the Escrow Agent of the Escrow Agent's receipt of the Second Dragone Deposit by the Bid Deadline (copies of which shall also be simultaneously sent to Debtor's counsel),  Kelley Drye is hereby ORDERED to pay to the Debtor the Initial Dragone Deposit.

6. Upon receipt by the Debtor of the Initial Dragone Deposit as provided in Paragraph 5(iii), (i) the Dragone PSA shall be deemed to be withdrawn and terminated by Dragone, (ii) the Initial Dragone Deposit shall be deemed liquidated damages therefor, and (iii) the Debtor shall not be entitled to any damages, rights or remedies against Dragone and Dragone shall not be entitled to any damages, rights or remedies against the Debtor.

7. For purposes of construing this Consent Order, none of the parties hereto shall be deemed to have been the drafter of the Consent Order.

8. Each of the undersigned (a) represents that it has been duly authorized to enter into this Consent Order and (b) requests that this Court approve this Consent Order as an order of this Court.

9. This Court shall retain jurisdiction to hear any matters or disputes arising from or relating to this Consent Order.

10. Facsimile or other electronic copies of signatures on this Consent Order are acceptable, and a facsimile or other electronic copy of a signature on this Consent Order is deemed an original.

11. This Consent Order may be executed in counterparts, each of which is deemed an original, but when taken together constitute one and the same document.

AGREED AND STIPULATED:

| Pillsbury Winthrop Shaw Pittman LLP | Kelley Drye & Warren LLP |
|---|---|
| */s/ Patrick Potter* | */s/ Benjamin D. Feder* |
| Patrick J. Potter (Bar No. 08445) | Ira Kasdan |
| 1200 Seventeenth Street, NW | Bezalel Stern (admitted *pro hac vice*) |
| Washington, DC 20036 | Washington Harbour, Suite 400 |
| Tel (202) 663-8928 | 3050 K Street, NW |
| Fax (202) 663-8007 | Washington, DC 20007 |
| E-mail: patrick.potter@pillsburylaw.com | Telephone: (202) 342-8400 |
|  | Facsimile: (202) 342-8451 |
| Dania Slim (Bar No. 18050) |  |
| 324 Royal Palm Way, Suite 220 | James S. Carr (admitted *pro hac vice*) |
| Palm Beach, FL 33480 | Benjamin D. Feder (admitted *pro hac vice*) |
| Tel (202) 663-9240 | 101 Park Avenue |
| Fax (202) 663-8007 | New York, New York 10178 |
| E-mail: dania.slim@pillsburylaw.com | Telephone: (212) 808-7800 |
|  | Facsimile: (212) 808-7897 |
| Jason S. Sharp (admitted *pro hac vice*) |  |
| 2 Houston Center | *Counsel for Dragone Realty, LLC* |
| 909 Fannin, Suite 2000 |  |
| Houston, TX 77010-1028 |  |
| Tel (713) 276-7600 |  |
| Fax (713) 276-7673 |  |
| Email: jason.sharp@pillsburylaw.com |  |

*Proposed Counsel for the Debtor*

I HEREBY CERTIFY that the terms of the copy of the consent order submitted to the Court are identical to those set forth in the original consent order; and the signatures represented by the /s/_____ on this copy reference the signatures of consenting parties on the original consent order.

*/s/ Patrick Potter*

4838-7682-9019.v9

cc:    Patrick J. Potter
Pillsbury Winthrop Shaw Pittman LLP
1200 Seventeenth Street, NW
Washington, DC 20036

Dania Slim
Pillsbury Winthrop Shaw Pittman LLP
324 Royal Palm Way, Suite 220
Palm Beach, FL 33480

Jason S. Sharp
Pillsbury Winthrop Shaw Pittman LLP
2 Houston Center
909 Fannin, Suite 2000
Houston, TX 77010-1028

William C. Johnson, Jr.
1310 L Street NW, Suite 750
Washington, DC 20005

Michael J. Lichtenstein
Shulman Rogers
12505 Park Potomac Avenue
Potomac, MD 20854

Jeanne M. Crouse
Office of the United States Trustee
6305 Ivy Lane, Suite 600
Greenbelt, MD 20770

All Parties Requesting Notice

**End of Order**

4838-7682-9019.v9